UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **DAVID** and **DEBRA BAILEY, et al** *Plaintiffs*, v. **SIERRA PACIFIC MORTGAGE COMPANY, INC.,** *Defendant.* | Civil Action No.: 1:19-cv-00595-GLR |

**MEMORANDUM OF LAW SUPPORTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT SIERRA PACIFIC MORTGAGE COMPANY INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Nanette Walls, Thomas and Patricia Cronin, William and Heller Batton, Gregory Dopkowski, Sr., Arnold and Lois Welsh, Jr., Samuel and Beverly Pattterson, Jr., and Raheim, and Syreeta Patterson, by and through undersigned counsel, file this Memorandum of Law in Support of Plaintiff's Motion to Strike Defendant Sierra Pacific Mortgage Company Inc.'s Response to Plaintiff's Notice of Supplemental Authority.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 9, 2019, Plaintiffs filed a Notice of Supplemental Authority ("Notice") drawing the Court's attention to the memorandum opinion of the Hon. Peter Messitte in *Somerville v. West Town Bank & Trust,* No PJM 19-0490, 2019 U.S. Dist. LEXIS 200991 (D. Md. Nov. 19, 2019), and stating that Judge Messitte had denied the "dismissal of RESPA and RICO claims arising from a lender's participation in the All Star Scheme alleged in this case." Pls. Notice of Supplemental Authority, ECF Dckt. No. 17. Based on the supplemental authority, Plaintiffs withdrew their Sherman Act claims. The Notice is three sentences and presents no argument. *Id.*

1

On December 16, 2019, Defendant Sierra Pacific Mortgage Company Inc. ("Sierra Pacific") filed a pleading styled a "Response to Plaintiffs' Notice of Supplemental Authority" ("Response"). ECF Dckt. No. 18. Sierra Pacific's "Response" is two pages of argument rehashing and restating its arguments for dismissal asserted in Sierra Pacific's briefing on its pending motion to dismiss.  *Compare* ECF Dckt. No. 18 *and* ECF Dckt, Nos. 13, 15.  Sierra Pacific did not dispute that *Somerville* and this case both arise from the All Star Scheme or the cases involve identical causes of action (including for fraudulent concealment tolling).

## ARGUMENT

**I.     Sierra Pacific's Response is an improper surreply that should be struck because Sierra Pacific chose to file it without seeking leave of Court.**

The purpose of a Notice of Supplemental Authority is "to alert the Court to a decision of another court issued after the close of the briefing period." *Ashghari-Kamrani v. United Servs. Auto. Ass'n*, No. 2:15-cv-478, 2016 U.S. Dist. LEXIS 187869, at *5 (E.D. Va. Mar. 18, 2016).  The Notice is not a motion to which a response or reply is necessary or permitted. Fed. R. Civ. P. 7(b). (defining a motion as a request for a court order).

Sierra Pacific's Response is a surreply presenting duplicative and additional argument in support of its motion to dismiss. Surreplies may not be filed without leave of Court. L.R.  105.2(a) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). Sierra Pacific chose to file its Response without either seeking or receiving leave of Court; therefore, it should be struck. *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013) (granting motion to strike surreply filed without leave of court); *Stoyanov v. Winter*, Civil Action No. RDB 05-1567, 2006 U.S. Dist. LEXIS 100491, at *51 (D. Md. July 25, 2006) (granting motion to strike because filing party did not request leave to file).

**II.     The Response should be struck because the Notice does not justify a surreply.**

Surreplies are disfavored and the party seeking a surreply must establish a basis for it. *Chubb*, 919 F. Supp. 2d at 679. A notice of supplemental authority does not justify a surreply from any party. *Sisk v. Abbott Labs.*, No. 1:11cv159, 2012 U.S. Dist. LEXIS 49219, at *1-3 (W.D.N.C. Apr. 9, 2012) ("[t]he routine submission of a recent unpublished district court decision from [another court] does not open the door to the submission of new briefs on the Motion to Dismiss."). This is particularly true where, as here, the Notice presented no argument. Plaintiffs carefully limited the Notice to drawing the Court's attention to the *Somerville* opinion and withdrawing Plaintiffs' Sherman Act claims. These circumstances do not justify any surreply. *Todd v. XOOM Energy Md., LLC*, No. GJH-15-154, 2016 U.S. Dist. LEXIS 22211, at *13-14 (D. Md. Feb. 22, 2016)("The Notice—which only provides the Court with a citation to a case decided after Defendants filed their reply memorandum and which was unaccompanied by any argument—is not the sort of 'new' legal issue that requires response in a surreply.").

**III.    The Response is not necessary for the Court to apply *Somerville*.**

As observed by the Hon. Dennis Howell, U.S.M.J., from the Western District of North Carolina:

> The routine submission of a recent unpublished district court decision [ ] does not open the door to the submission of new briefs on the Motion to Dismiss. This Court would like to think that it is capable of reading the decision [ ] even if the decision is sixty-two pages long, and determining whether the decision has any bearing on the case before this Court.

*Sisk*, 2012 U.S. Dist. LEXIS 49219 at *1-3 (striking response).

The Response in this case is similarly unnecessary for the Court to determine the applicability of the *Somerville* decision. Additionally, Sierra Pacific's claim that *Somerville* "does not address" several of the same arguments asserted by Sierra Pacific in this case is not credible.

For example, Sierra Pacific tries to distinguish *Somerville* by claiming that the *Somerville* defendant – West Town Bank & Trust – received and accepted kickbacks in the form of postage. Sierra Pacific ignores that the Plaintiffs allege the same in this case. *See e.g.,* Am. Compl. ¶72 and Ex. 7, ¶75 and Ex. 9.

Similarly defendant's comarketing/safe harbor defense[1], the effect of fraudulent borrower solicitations on fraudulent concealment tolling[2], the receipt and acceptance of kickbacks laundered through third party marketing companies[3] and the inability of sham invoices and payment records solely in the possession of a defendant lender to put any borrower on notice[4] were all addressed by the parties and Judge Messitte at length in briefing and at oral argument.[5]   Judge Messitte rejected these arguments as a valid basis for dismissal of either the RESPA or RICO claims arising out of the All Star Scheme and concluded:

> a scheme as far-reaching as the one alleged here "pos[es] a special threat to social well-being." It would not be unfair to say that [defendants] alleged criminal activity, if proven, would pose a threat to societal trust in the country's banking and home-ownership systems.

---

[1] *See, for example*, *Somerville v. West Town Bank & Trust,* Case No. 8:19-cv-00490-PJM, Pls. Memo. In Opp. To Mtn. to Dismiss at 3-9, ECF Dckt. No. 21.  In opposing the motion to dismiss the *Somerville* plaintiffs discuss at length that West Town Bank & Trust was in fact was raising a "co-marketing" defense (despite disclaiming reliance on RESPA's safe harbor in a footnote), and that "co-marketing defense" is indistinguishable from the one raised by Sierra Pacific in this case.
[2] See, for example, *Somerville v. West Town Bank & Trust,* Case No. 8:19-cv-00490-PJM, Def. Memo. In Support of Mtn. to Dismiss at 15 -16, ECF Dckt. No. 17
[3] *Compare Somerville,* 2019 U.S. Dist. LEXIS 200991 at *9 ("In other instances, Plaintiffs allege, the kickback was laundered through third-party companies, including a marketing services company and an internet-based real estate listing provider, both of which, it may be noted, are named in the Complaint.") *with* Am. Compl., ¶¶59-124, ECF Dckt. No. 10.
[4] See, for example, *Somerville v. West Town Bank & Trust,* Case No. 8:19-cv-00490-PJM, Def. Memo. In Support of Mtn. to Dismiss at 15, ECF Dckt. No. 17.
[5]  The official transcript of the oral argument has been filed with that court and is available on the court public terminal.  *See Somerville v. West Town Bank and Trust,* 8:19-cv-00490-PJM, Notice of Filing Official Tr., ECF Dckt. No. 30.

*Somerville,* 2019 U.S. Dist. LEXIS 200991, at *13.  *Somerville* is persuasive authority for this Court to consider in evaluating the same scheme, conduct and substantive claims in this case.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request the motion be granted with an order striking Defendant Sierra Pacific Mortgage Company Inc.'s Response to Plaintiffs' Notice of Supplemental Authority, ECF Dckt. No. 18.

Dated: January 7, 2020                                      Respectfully submitted,


_____/s/_____                    _____/s/_____
Timothy F. Maloney, Esq. #03381                    Michael Paul Smith, Esq. #23685
Veronica B. Nannis, Esq. #15679                    Melissa L. English, Esq. #19864
Megan A. Benevento, Esq. #19883                   Smith, Gildea & Schmidt, LLC
Joseph, Greenwald & Laake, P.A.                   600 Washington Avenue, Suite 200
6404 Ivy Lane, Suite 400                                   Towson, Maryland 21204
Greenbelt, Maryland 20770                              (410) 821-0070 / (410) 821-0071 (fax)
(301) 220-2200 / (301) 220-1214 (fax)             Email: mpsmith@sgs-law.com
Email: tmaloney@jgllaw.com                         menglish@sgs-law.com
vnannis@jgllaw.com                                        *Counsel for Plaintiffs and Class Members*
mbenevento@jgllaw.com
*Co-Counsel for Plaintiffs and Class Members*