EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| **NANNETTE WALLS, et al** | |
| *Plaintiffs,* | |
| v. | Civil Action No.:1:19-cv-00595-GLR |
| **SIERRA PACIFIC MORTGAGE COMPANY, INC.** | |
| *Defendant.* | |

**<u>CLASS ACTION SETTLEMENT AGREEMENT</u>**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is made and entered into as of August 9, 2021, by and between Nanette Walls, Thomas Scott and Patricia Cronin, William C. and Heller Batton, Gregory P. Dopkowski, Sr., Samuel and Beverly Patterson, Jr., Raheim and Syreeta Patterson, and Arnold N. and Lois Welsh, Jr. (the "Class Representatives"), for themselves and as the Representatives of a settlement class to be certified by this Court, their attorneys, Smith, Gildea & Schmidt, LLC, and Joseph, Greenwald & Laake, P.A., (together "Class Counsel"), and Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific" (collectively, with the Class Representatives, the "Parties")).

## RECITALS

WHEREAS, claims have been asserted against Sierra Pacific (the "Litigation Claims") in the above-captioned class action lawsuit titled *Walls v. Sierra Pacific Mortgage Company, Inc.*, in the United States District Court for the District of Maryland, Northern Division, Civil Action No. 1:19-cv-00595-GLR (the "Litigation"), involving the alleged provision of benefits or things of value by All Star Title, Inc. ("All Star") to Sierra Pacific's employees, agents, and/or representatives in exchange for the referral of borrowers to All Star for the settlement of their mortgage loans;

WHEREAS, the Class Representatives, through their counsel, have conducted a thorough investigation regarding the Litigation Claims asserted against Sierra Pacific in the Litigation, including through counsel's discovery of the records of All Star and other persons and entities with which All Star did business, and through their review of discovery from and relating to All Star;

WHEREAS, following the filing of the Complaint, Amended Complaint, dismissal motion practice and ruling on the same, and the filing and granting of a motion for reconsideration of

1

dismissal and the filing of the Second Amended Complaint, the Parties and their counsel engaged in settlement negotiations to resolve the claims asserted against Sierra Pacific; and

WHEREAS, based on their discovery and investigation of the Litigation Claims, and after the exchange of settlement offers, mediation discovery, negotiations between counsel in writing, and a Settlement Conference with the Honorable A. David Copperthite, U.S.M.J., the Class Representatives and Class Counsel concluded that a settlement with Sierra Pacific, according to the terms set forth below, is in their best interests and the best interests of the members of the Class; and

WHEREAS, while Sierra Pacific disputes the allegations in the Litigation and denies that it is or may be liable for any of the Litigation Claims, it enters into this Agreement solely to avoid the further expense, inconvenience, and distraction of protracted discovery and further proceedings in the Litigation, and does so without any express or implied admission of fact or liability;

**NOW, THEREFORE**, the Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

1.   **Recitals:** The foregoing Recitals and defined terms therein are incorporated in this Agreement.

2.   **Definitions:**

In addition to the terms defined in the Recitals, the following terms shall have the meanings set forth below:

2.1    "Appellate Courts" refers to the United States Court of Appeals for the Fourth Circuit and the Supreme Court of the United States.

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

2.2     The term "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.3     "Class Counsel Fees and Expenses" refers to the Court-approved award to Class Counsel of their attorney's fees and expenses, pursuant to Section 13 of this Agreement.

2.4     The term "Common Fund" refers to the monies that will be funded by Sierra Pacific and maintained and disbursed by the Settlement Administrator under the terms of this Agreement from which the Settlement Benefits, Settlement Benefits, Court-awarded Class Counsel Fees and Expenses, and Class Representatives' Service Awards will be paid.

2.5     The term "Court" refers to the United States District Court for the District of Maryland.

2.6     The term "Class" refers to: All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Sierra Pacific Mortgage Company, Inc., for which All Star Title, Inc., provided a settlement service, as identified in Section 1100 on the borrower's HUD-1 Settlement Statement (HUD-1), or on the borrower's Closing Disclosure (CD), between January 1, 2012 and December 31, 2016. Exempted from this class is any person who, during the period of January 1, 2012 through December 31, 2016, was an employee, officer, member and/or agent of Sierra Pacific Mortgage Company, Inc., or All Star Title, Inc.; any judicial officer who handles this case, and the immediate family members of such judicial officer(s); and/or any persons who submit a complete and valid Request for Exclusion by the Exclusion Deadline.

2.7     The term "Effective Date" refers to the date on which the Final Approval Order and Final Judgment Order for this Settlement reach Finality.

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

2.8     The term "Exclusion Deadline" refers to the date established by the Court and to be set forth in the Mailed Notice for the receipt by the Settlement Administrator of any Requests for Exclusion.

2.9     The term "Final Fairness Hearing" refers to the hearing at which the Court shall: (a) determine whether to grant final approval to this Settlement; (b) consider any timely objections to this Settlement and all responses thereto; and (c) consider requests for an award of Class Counsel Fees and Expenses to the Class Counsel and for Service Awards to the Class Representatives.

2.10    The term "Finality" refers to: (i) the Court's entry of both a final order approving the Settlement under Federal Rule of Civil Procedure 23(e) (the "Final Approval Order") and a final Judgment dismissing all Released Claims against Sierra Pacific with prejudice (the "Final Judgment Order"); and (ii) either (a) no Party or other person has initiated a timely appeal or otherwise sought review from the Final Approval Order or Final Judgment Order, or (b) if the Final Approval Order or Final Judgment Order entered by the Court with respect to the Settlement are appealed to one or both of the Appellate Courts, the Final Approval Order and Final Judgment Order have been affirmed in their entirety by the Appellate Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.

2.11    The term "Judge" refers to any United States District Court Judge or Magistrate Judge who is now or later assigned to preside over the Litigation.

2.12    The term "Mailed Notice" refers to the Court-approved Notice regarding the Settlement that is to be mailed by the Settlement Administrator to members of the Class, substantially in the form of **Exhibit A** to this Agreement.

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

2.13    The term "NCOA Database" shall mean the United States Postal Service's National Change of Address database.

2.14    The term "Notice" shall mean, collectively, all Court-approved communications by which the Class members are notified of the Settlement and the Court's approval thereof, including the Mailed Notice.

2.15    The term "Notice Deadline" refers to the Court-approved deadline for the mailing of the Mailed Notice.

2.16    The term "Objection" refers to the timely and complete filing with the Court of a written objection to the Settlement, which includes all information specified in Section 8 of this Agreement.

2.17    The term "Objection Deadline" refers to the date established by the Court and to be set forth in the Mailed Notice for the filing with the Court of any Objections to the Settlement.

2.18    The term "Preliminary Fairness Hearing" refers to the hearing at which the Court shall: (a) determine whether to grant the Motion for Preliminary Approval of this Settlement; and, if such approval is granted, whether to (b) preliminarily approve the Settlement under the terms of this Agreement; (c) approve the proposed Notice and Notice Plan (as set out in Section 11, below); (d) appoint the Settlement Administrator; (e) establish the Objection Deadline and requirements for the filing of Objections to the Settlement; (f) establish the Exclusion Deadline and requirements for the filing of Requests for Exclusion from the Class; (g) establish a date for the Final Fairness Hearing; (h) preliminarily appoint Class Counsel as counsel for the Class; and (i) preliminarily enjoin any member of the Class who does not file a complete and valid Request for Exclusion by the Exclusion Deadline from filing suit or asserting any claim, demand, and/or counterclaim with respect to matters released in Section 16 of this Agreement.

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

2.19    The term "Releasees" shall have the meaning set forth in Section 16 of this Agreement.

2.20    The term "Releasors" shall have the meaning set forth in Section 16 of this Agreement.

2.21    The term "Alleged Claims" refers to all claims relating in any way to the alleged acts of Sierra Pacific related in any way to the alleged facts and circumstances described in the Complaint and in any Amended Complaints filed in connection with the Litigation.

2.22    The term "Request for Exclusion" refers to a complete written request to be excluded from the Class that includes all information specified in Section 9 of this Agreement and is received by the Settlement Administrator before the Exclusion Deadline approved by the Court.

2.23    The term "Service Awards" refers to Court-approved awards to the Class Representatives, pursuant to Section 12 of this Agreement.

2.24    The term "Settlement" refers to the settlement, release, and final dismissal of claims contemplated by this Agreement.

2.25    The term "Settlement Administrator" refers to the entity engaged to send the Mailed Notice of the Settlement, process Requests for Exclusion, disburse payments to members of the Class from the Common Fund, maintain a website regarding the Settlement, and to perform all other tasks set forth in Section 10 of this Agreement.

2.26    The term "Settlement Benefits" refers to the benefits to be remitted under the terms of this Agreement from the Common Fund to eligible members of the Class as detailed in Section 7 of this Agreement.

6

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

2.27    With respect to actions or events which must occur within a certain amount of time, days shall be computed in the manner described in Federal Rule of Civil Procedure 6.

2.28    Definitions used herein shall apply to the singular and plural forms of each term defined.

2.29    Definitions used herein shall apply to the masculine, feminine, and neuter genders of each term defined.

2.30    References to a person or entity under this Agreement include their permitted heirs, personal representatives, executors, affiliates, successors, and assigns.

2.31    Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

**3.    Conditional Nature of Agreement**: This Agreement and the Settlement contemplated hereby are expressly conditioned upon all of the following, which the parties agree are each material conditions precedent to the payment of Settlement Benefits to members of the Class, the payment of any Court-awarded Service Awards, and the payment of any Court-awarded Class Counsel Fees and Expenses to Class Counsel under this Agreement:

3.1    Plaintiffs' filing with the Court of a Motion for Preliminary Approval of the Settlement;

3.2    The Court's holding of the Preliminary Fairness Hearing, and issuance of a Preliminary Approval Order: (a) granting the Motion for Preliminary Approval of the Settlement as written in this Agreement; (b) preliminarily approving the Settlement under the terms of this Agreement; (c) approving the proposed Notice and the Notice Plan; (d) appointing the Settlement Administrator; (e) establishing the Objection Deadline and requirements for the filing of

7

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

Objections to the Settlement; (f) establishing the Exclusion Deadline and requirements for the filing of Requests for Exclusion from the Class; (g) establishing a date for the Final Fairness Hearing; and (h) preliminarily enjoining the members of the Class who do not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing suit or asserting any claims, demands, and/or counterclaim with respect to matters released in Section 16 of this Agreement;

3.3     The mailing of the approved Mailed Notice to the Class, although the Parties agree that if mail is returned or otherwise not deliverable as addressed, the "Mailed Notice" is still deemed mailed for purposes of satisfying this condition precedent;

3.4     The expiration of the Objection Deadline and Exclusion Deadline;

3.5     That either (a) by the Exclusion Deadline complete and valid Requests for Exclusion are filed with respect to no more than 5% of the loans that the Class obtained that are the subject of the Litigation; or (b) Sierra Pacific elects, at its option, up to ten (10) days after the Exclusion Deadline, to proceed with the Settlement notwithstanding the failure of the condition set forth in Section 3.5(a);

3.6     Plaintiffs' filing with the Court of a Motion for Final Approval of the Settlement and the Entry of Final Judgment dismissing with prejudice all claims of the Class asserted in the Litigation against Sierra Pacific;

3.7     The Court's holding of the Final Fairness Hearing and issuance of a Final Approval Order and Final Judgment Order: (a) rejecting or denying any Objections to the Settlement; (b) granting the Motion for Final Approval; (c) granting final approval of the Settlement as written in this Agreement and the release of claims set forth in Section 16 of this Agreement by the Class Representatives and the members of the Class who did not file complete and valid Requests for Exclusion by the Exclusion Deadline; (d) dismissing with prejudice all claims of the Class

8

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

asserted in the Litigation against Sierra Pacific by the Class Representatives on behalf of themselves and all members of the Class who did not file a complete and valid Request for Exclusion; and (e) permanently enjoining any members of the Class who did not file complete and valid Requests for Exclusion by the Exclusion Deadline from filing suit or any claim, demand, and/or counterclaim with respect to matters released in Section 16 of this Agreement;

3.8    Class Counsel's filing of a Motion for the Award of Class Counsel Fees and Expenses and a Motion for Service Awards to the Class Representatives, consistent with the terms of this Agreement;

3.9    The Court's issuance of an Order deciding the Motion for the Award of Class Counsel Fees and Expenses and the Motion for Service Awards to the Class Representatives, with the understanding that any order awarding the Class Counsel Fees and Expenses and the Class Representatives' Service Awards shall not exceed the maximum amounts set forth in Sections 12 and 13 of this Agreement, and provided that the Settlement shall not be conditioned on the Court awarding Class Counsel Fees and Expenses and/or Service Awards at or above any particular dollar value;

3.10    The Orders of the Court granting final approval to the Settlement reaching Finality.

Should any of these conditions not be met, the Parties agree that the Settlement and the terms of this Agreement shall terminate and be deemed null and void, except for Sections 5.3, 14, and 17.3 hereof which will survive the termination of this Agreement, and any other provisions or sections of this Agreement which expressly state that they survive termination of this Agreement.

4.    **Cooperation By The Parties:** The Parties and their counsel agree to cooperate fully and in good faith with each other to promptly execute all documents and take all steps necessary

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

to effectuate the Settlement consistent with the terms and conditions of this Agreement.  The Class Representatives and Class Counsel agree to support, and Sierra Pacific agrees not to oppose, the preliminary and final approval of this Settlement consistent with the terms and conditions of this Agreement, including with respect to any appeal of the Final Approval Order and Final Judgment Order and any collateral attack on the Settlement or the Final Approval Order and Final Judgment Order, to the extent the Settlement, Final Approval Order, and Final Judgment Order are consistent with the terms and conditions of this Agreement.

### 5.    Class Member List.

5.1    Class Counsel have identified approximately 307 borrowers of federally related mortgage loans (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Sierra Pacific that were closed through All Star between January 1, 2012, and December 31, 2016, who Class Counsel believe are members of the Class.  Sierra Pacific and Class Counsel agree to cooperate in good faith to identify members of the Class and their contact information through reasonable efforts and research of records and information available to the parties.  Sierra Pacific and Class Counsel will identify the final Class Member List on or before the mailing of the Mailed Notice, provided that nothing shall preclude the Parties or the Settlement Administrator from asserting, prior to issuance of the Final Approval Order, that any person identified on the Class Member List is not eligible to be a member of the Class.

5.2    The Parties agree and stipulate that the final Class Member List will include all of the potentially eligible members of the Class. Neither the Parties nor Class Counsel are currently aware of any potentially eligible Class members that have not yet been identified for inclusion on the final Class Member List.

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

5.3    The Parties agree and acknowledge that the Class Member List contains certain confidential information and that the account information identified in the Class List constitutes confidential material.  Therefore, the Parties agree to treat the Class Member List as confidential and to use the Class Member List and the information contained therein solely for the purpose of providing the Settlement Benefits offered by this Agreement to members of the Class and otherwise implementing the terms of this Agreement, and for no other purpose whatsoever. Except to the extent authorized by this Agreement, the Parties further agree that they will not disclose the Class Member List or any of the information contained in the Class Member List to members of the Class or any third party, except pursuant to court order. Notwithstanding any contrary language contained in this Agreement, the provisions of this paragraph shall survive any termination or modification of this Agreement and shall continue to be binding regardless of whether or not the Settlement is fully implemented or receives preliminary or final approval. Notwithstanding the foregoing, the confidentiality of the Class Member List, and the information contained therein, does not extend to information that is learned by Class Counsel through legitimate means other than from Sierra Pacific.  For the avoidance of any doubt, in the event the Settlement does not reach Finality, Class Counsel may use the Class Member List for purposes of the Litigation (provided, however, that it shall not constitute an admission or waiver by Sierra Pacific of any fact or contention), subject to the Mediation Confidentiality and Non-Disclosure Agreement under which the Class Member List shall be designated Confidential.

6.    **Common Fund**:

The Common Fund shall total $990,000, plus the amount of Class Counsel Fees and Expenses awarded by the Court (which shall not exceed $275,000), plus the amount of Class Representatives' Service Awards awarded by the Court (which shall not exceed $7,000), for a total

11

funding amount of no more than $1,272,000.00 (collectively, the "Funding Amount"). The Common Fund shall be maintained in an interest-bearing account.  In the event this Agreement or the Settlement are terminated or not approved, the balance of the Common Fund, if any, will be refunded to Sierra Pacific.

Within twenty-one (21) days after entry of the Final Approval Order, Sierra Pacific shall remit to the Settlement Administrator the Funding Amount to fully fund the Settlement Benefits, Court-approved Class Counsel Fees and Expenses, and Class Representative Service Awards. The money in the Common Fund shall be maintained to pay all amounts due in accordance with the terms of the Settlement, as approved by the Court.  No funds shall be disbursed from the Common Fund until either: a) the Settlement reaches Finality; or b) the Settlement and this Agreement are terminated.  Funds shall only be disbursed from the Common Fund as provided for under the terms of this Agreement.

Once Sierra Pacific has deposited the Funding Amount described above into the Common Fund, Sierra Pacific shall not have any other obligation to pay any additional funds into the Common Fund, and shall not be obligated to disburse any additional funds pursuant to the terms of this Agreement, except for the Settlement Administrator's reasonable fees and expenses as provided for in Section 10.1.

7.   **Settlement Benefits**:

7.1   Adjustments to the Common Fund.  The following adjustments shall be made to and subtracted from the Common Fund:

(a)   Payment of Class Counsel Fees and Expenses in an amount not to exceed two hundred seventy-five thousand ($275,000) dollars, subject to Court approval. While Sierra Pacific has no obligation to support any such Petition

12

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

for Counsel fees and costs, they agree not to object to a Motion for the Award of Class Counsel Fees and Expenses, provided that it is consistent with Section 13 of this Agreement; and

(b)   Payment of Class Representatives' Service Awards in the amount of up to One Thousand ($1,000) Dollars (from the Common Fund and in addition to the Settlement Benefit) per each Class Representative (or, in the case of co-borrower Class Representatives, to them jointly) who is appointed as a Class Representative under this Settlement. While Sierra Pacific has no obligation to support any such Petition for Class Service Awards, they agree not to object to a Petition for Service Award filed by the Class Representatives, provided that it is consistent with Section 12 of this Agreement.

7.2    Within fourteen (14) days after Finality of the Settlement, the Common Fund, less the adjustments set forth in Paragraph 7.1, will be distributed to those members of the Class who did not file a complete and valid Request for Exclusion by the Exclusion Deadline.  Each of these class members shall receive by check a proportionate share of the Common Fund remaining after deduction of any awards of Class Counsel Fees and Expenses and Service Awards as provided in Paragraph 7.1.  The formula for distribution shall be the Common Fund less any awards of Class Counsel Fees and Expenses and Service Awards, divided by the number of members of the Class who did not file a complete and valid Request for Exclusion by the Exclusion Deadline.

7.3    To the extent that there is more than one borrower on a Sierra Pacific loan subject to this Settlement, the co-borrowers shall be deemed to be one member of the Class and the Settlement Benefits shall be paid by check payable jointly to the co-borrowers on such loan.

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

Sierra Pacific shall have no liability to any co-borrower arising from any claim regarding the division of Settlement Benefits among co-borrowers.

7.4     Settlement Benefits checks shall be mailed by first-class mail by the Settlement Administrator to the last known addresses for those Class members eligible to receive Settlement Benefits under this Settlement.  If there is more than one borrower on a subject loan and the co-borrowers have the same last known address, the Settlement Benefits check will be mailed to that last known address, subject to the Settlement Administrator checking the validity of the last known address through the NCOA Database.  If there is more than one borrower on a subject loan and the co-borrower's last known address differs from that of the primary borrower, the Settlement Benefits check will be mailed to the last known address for the primary borrower on that loan, and the Settlement Administrator will also send either a letter informing the co-borrower that the check for Settlement Benefits was sent to the primary borrower, or a photocopy of the transmittal letter, to the co-borrower's last-known mailing address, subject to the Settlement Administrator checking the validity of the last known addresses through the NCOA Database.

7.5     Settlement Benefits checks shall be notated as void after seventy-five (75) days from the date on the check.  If a Settlement Benefits check remains un-negotiated after eighty (80) days from the date of the check, the Settlement Administrator shall stop payment on the uncashed Settlement Benefits heck, undertake an updated address verification for the primary borrower and, if that address has changed since the mailing of original Settlement Benefits check, the Settlement Administrator shall reissue a replacement Settlement Benefits check to the payee(s) and mail the replacement check by first-class mail to the updated address for the primary borrower. Any reissued Settlement Benefits check shall also be notated as void after seventy-five

14

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

(75) days.  If the reissued Settlement Benefits check remains un-negotiated after eighty (80) days

from the date of the reissued check, the Settlement Administrator shall stop payment on the

uncashed Settlement Benefits check.  Any funds left in the Common Fund after these procedures

have been carried out will revert to Sierra Pacific in accordance with Section 7.7.

      7.6    On receipt of a joint settlement benefit check, any co-borrower(s) may contact the

Settlement Administrator and request that the Settlement Benefits be split evenly between each

co-borrower.  In such cases, if the original Settlement Benefits check has not already been

negotiated, the Settlement Administrator shall stop payment on the original Settlement Benefit

check and shall issue new checks to each co-borrower in amounts reflecting an even split of the

Settlement Benefits between each co-borrower.

      7.7    In the case of deceased class members, the estate of the deceased class member

shall be entitled to exercise all of the rights of the deceased class member available under this

Settlement, including to receive Settlement Benefits and/or to object to or request exclusion from

the Settlement, and the estate of any deceased class member covered by this Settlement will be

subject to the release in Section 14 of this Agreement and all other provisions of this Agreement

as if the estate were a member of the Class.  For purposes of this paragraph, only the person(s)

authorized by probate court order to represent the class member's estate, or who are otherwise

authorized pursuant to the probate laws applicable to the deceased class member to represent the

class member's estate, may act on behalf of the estate.  The person(s) authorized to act on behalf

of the estate of any deceased class member may contact the Settlement Administrator about any

issues related to this Settlement which affect the estate, and the Settlement Administrator, Sierra

Pacific, Class Counsel, and the estate shall work together in good faith to resolve any issues

related to the applicability of the settlement to deceased class members and their estates,

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

including the manner in which and to whom Settlement Benefits are distributed. The representative of the estate of a deceased class member shall be required to provide to the Settlement Administrator reasonable proof or other evidence or documentation showing that the class member is deceased and that the representative is authorized to act on behalf of the estate of the deceased class member.

7.8    Any funds remaining in the Common Fund account 215 days after Finality of the Settlement shall be remitted by the Settlement Administrator to Sierra Pacific with interest earned on the Common Fund. This shall include any amounts attributable to un-negotiated Settlement Benefit Checks as of that date. Funds remaining in the Common Fund account 215 days after Finality of the Settlement shall not be subject to cy pres, escheat to the state, or any other process or legal doctrine whereby the funds would be due, owed, or given to any person or entity other than Sierra Pacific.

8.    **Right To Object To The Settlement**: Any member of the Class shall have the right to object to the Settlement by filing a written Objection with the Court at the address listed in the Mailed Notice and by mailing copies thereof to the Parties' counsel, not later than the Objections Deadline established by the Court, which shall not be more than forty-five (45) days after the date the Mailed Notice is mailed to the Class, or as otherwise ordered by the Court. All Objections must be signed by the person(s) making the objection, or an attorney, legal guardian, or other person legally authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Sierra Pacific mortgage loan, the address of the property which secured their Sierra Pacific

16

mortgage loan, and an affirmation, under penalty of perjury, that the person on whose behalf the objection is filed and all of their co-borrower(s), if any, object to the Settlement and intend to appear at the Final Fairness Hearing, at which time their Objections will be considered, if not previously withdrawn.

**9.     Right To Be Excluded (Opt-Out) From The Settlement**:

9.1.     Any member of the Class shall have the right to opt-out of the Class by sending a written Request for Exclusion from the Class to the Settlement Administrator at the address listed in the Mailed Notice, which must be received by the Settlement Administrator no later than the Exclusion Deadline set by the Court, which shall not be more than forty-five (45) days after the date the Mailed Notice is mailed to the Class, or as otherwise ordered by the Court.  Requests for Exclusion must be signed by the person requesting exclusion from the Class and any co-borrower(s) on their Sierra Pacific mortgage loan and must include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Sierra Pacific mortgage loan, the address of the property which secured their Sierra Pacific mortgage loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Class and their co-borrower(s), if any, wish to opt-out of the Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement.  No single Request for Exclusion shall be effective as to more than one borrower or set of co-borrowers.  In no event shall any notice in which a person, who does not possess a valid power of attorney, purports to opt any other person out of the Settlement (including any group, aggregate, or class involving more than one Class member) be considered a valid opt-out.  Individuals are not permitted to exclude other individuals, and if there is a group of opt-outs each individual borrower must evidence his or her intent to opt out by complying with the procedures above.  Any opt-out submitted by a borrower

17

on behalf of a group, aggregate, or putative class shall be deemed valid as to that borrower's loan only, and shall be invalid as to the group, aggregate, or putative class.

9.2.    No Class Member shall be entitled to both object to the settlement, as provided for in Section 8, and to request exclusion from the class, as provided for in this Section.  To the extent any person purports to both object to the settlement and submit a Request for Exclusion from the Class, the objection shall be deemed invalid and of no effect, and the person shall be deemed solely to have opted-out of the class.

**10.    Settlement Administrator:**

10.1    Sierra Pacific will select and retain the Settlement Administrator subject to the approval by Class Counsel, which approval shall not be unreasonably withheld, and approval and appointment by the Court.  Sierra Pacific shall pay the reasonable fees and expenses of the Settlement Administrator incurred in the Notice and administration of the Settlement, not to exceed $20,000. Sierra Pacific shall provide a copy of this Agreement to the Settlement Administrator and obtain a quote for the cost of administering the Settlement and discharging the duties described in ¶10.2.  Class Counsel may request a copy of this quote from Sierra Pacific as a precondition to providing approval of any Settlement Administrator.

10.2    The Settlement Administrator shall be responsible for administering the Settlement, including:

(a)    in connection with all mailed items sent to members of the Class, including the Mailed Notice and checks containing Settlement Benefits, undertaking address verifications for the members of the Class through the NCOA Database prior to making any such mailings or second mailings;

(b)    sending the Mailed Notice, pursuant to Section 11 of this Agreement;

18

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

(c)     preparing reports regarding the Mailed Notice, as directed by the Parties' counsel and in accordance with the deadline established by the Court;

(d)     accepting and reporting on Requests for Exclusion received by the Exclusion Deadline;

(e)     establishing and maintaining a Settlement website;

(f)     opening an interest-bearing account for the deposit of the Common Fund, at a federally-insured depository institution with a branch in the District of Maryland, and for remitting payments from the Common Fund to eligible members of the Class, the Class Representatives, and Class Counsel, in such amounts as are provided for under the terms of this Agreement and are approved by the Court;

(g)     preparing such declarations or affidavits as are necessary to present to the Court with respect to the Settlement Administrator's duties and fulfillment thereof  in support of final approval of the Settlement;

(h)     issuing Form 1099s, Form W-9s, and any other tax or governmental forms to the extent required to carry out the terms of the Settlement Class; and

(i)     such other duties as directed by Sierra Pacific, provided that any modification of the duties referenced in subparts (a)-(h) of this Section must be mutually agreed to by the Parties.

10.3    The Parties consent to the release to the Settlement Administrator of the names, addresses, and social security numbers for Class Members solely for the purposes of fulfilling the Settlement Administrator's duties under this Agreement, which information shall be securely maintained as confidential by the Settlement Administrator and shall be destroyed by the Settlement Administrator at the conclusion of its duties.

**11.     Notice of The Settlement**:

19

11.1    Notice of the Settlement shall be provided through a Court-approved plan for Notice, which shall include the mailing of the Mailed Notice to the respective members of the Class under this Settlement by the Notice Deadline and by postings such Notice on the Settlement Website, as set forth in this Section.

11.2    Within twenty (20) days following entry of the Preliminary Approval Order, the Settlement Administrator shall mail to the members of the Class a Court-approved Notice substantially in the form attached as **Exhibit A**.

11.3    The Mailed Notice shall be sent by first-class mail to the class member's last known address reflected on the final Class List.  If there is more than one borrower on a subject loan and the co-borrowers have the same last known address, the Mailed Notice will be mailed to the co-borrowers' shared last known address.  If there is more than one borrower on a subject loan and the co-borrowers have different last known addresses, separate Mailed Notices will be mailed to each co-borrower's last known address.

11.4    The Settlement Administrator shall also establish and maintain a website relating to the Settlement (the "Settlement Website") on which it will post copies of the Mailed Notice, the Second Amended Complaint in the Litigation, and, following their issuance, the Preliminary Approval Order, Final Approval Order, and Final Judgment Order pertaining to this Settlement, as well as contact information for Class Counsel and the Settlement Administrator. The Settlement Website shall be established not later than twenty (20) days after the issuance of the Preliminary Approval Order and will remain active for one hundred eighty (180) days after the Settlement reaches Finality, unless this Agreement is terminated earlier.

11.5    All costs associated with the Notice and Settlement Website shall be paid by Sierra Pacific.

20

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

12.     **Class Representatives' Service Awards:** The Class Representatives shall have the right to file a motion with the Court, no later than thirty (30) days before the Final Fairness Hearing, for Service Awards to each Class Representative not to exceed one thousand dollars ($1,000) per Class Representative or group of Class Representatives who are co-borrowers, and shall not exceed $7,000 in total.  Sierra Pacific agrees not to object to such a motion for Service Awards filed by the Class Representatives, provided that it is consistent with this Section.  Any Service Awards to the Class Representatives approved by the Court shall be paid from the Common Fund as provided for in Section 7.1 and shall be in addition to the Settlement Benefits payable to the Class Representatives.  Each Class Representative receiving a Service Award will provide Sierra Pacific with a completed Form W-9.

Approval by the Court of the Service Awards shall not be a precondition to approval of the Settlement or entry of the Final Judgment Order in accordance with this Agreement.  Class Representatives and Class Counsel may not cancel or terminate the Settlement based on the Court's or any Appellate Court's ruling with respect to the Service Awards or the disbursement thereof.  Any appeal relating to Service Awards will not affect the Finality of the Settlement, the entry of the Final Approval Order or the Final Judgment Order, or the release provided in Section 16 of this Agreement.  Class Counsels' Motion for Service Awards may be considered separately from the Settlement.

13.     **Class Counsels' Attorneys' Fees and Costs:** Plaintiffs' Counsel, if appointed as Class Counsel under this Settlement, shall have the right to file a motion with the Court, no later than thirty (30) days before the Final Fairness Hearing, for an award of Class Counsel Fees and Expenses in an amount not to exceed two hundred seventy-five thousand ($275,000) Dollars, for fees and expenses incurred in the prosecution and settlement of the Litigation Claims pursuant to

21

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

the Local Rules of the Court (a "Motion for Fees and Expenses"). While Sierra Pacific has no obligation to support the Class Counsel's Motion for Fees and Expenses, Sierra Pacific agrees not to oppose any such Motion if Class Counsel seeks an award of fees and expenses of no more than $275,000, provided that payment of any fees or expenses awarded shall not be made except out of the Common Fund after the Settlement reaches Finality.

13.1   Payment of any award of attorneys' fees, costs, and expenses shall come from the Common Fund as set forth in Section 7.1 of the Agreement.  No check or other method of transferring the funds for the payment of Court-awarded attorneys' fees, costs, and expenses will be issued until Class Counsel provides signed and completed Form W-9s (current as of the date of payment) to the Settlement Administrator.  The manner or method in which any award of Class Counsel Fees and Expenses is divided among Class Counsel shall be the sole responsibility of Class Counsel, shall not affect Sierra Pacific's rights and obligations under this Agreement or require any additional payments by Sierra Pacific into the Common Fund or to Class Counsel beyond those described in Sections 6 and 7.

13.2   Approval by the Court of Class Counsels' Motion for Fees and Expenses shall not be a precondition to approval of the Settlement or entry of the Final Judgment Order in accordance with this Agreement.  Class Representatives and Class Counsel may not cancel or terminate the Settlement based on the Court's or any Appellate Court's ruling with respect to fees, costs, expenses, or the disbursement thereof.  Any appeal relating to Class Counsel's Motion for Fees and Expenses will not affect the Finality of the Settlement, the entry of the Final Approval Order or the Final Judgment Order, or the release provided in Section 16 of this Agreement.  Class Counsels' Motion for Fees and Expenses may be considered separately from the Settlement.

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

14.     **Restoration of Rights, Claims, and Defenses In the Event of Non-Approval:** In the event that the Settlement under this Agreement does not receive Preliminary and/or Final Approval by the Court or the orders of the Court approving the Settlement do not reach Finality, this Agreement shall terminate, and all negotiations, filings, documents, orders, and proceedings relating thereto shall not be discoverable or admissible in the Litigation or otherwise, and shall be without prejudice to the rights of the Parties hereto, who shall be restored to their respective positions and retain all of their rights and defenses existing immediately prior to the Settlement. For the avoidance of doubt, if the Common Fund has been funded, and the orders of the Court approving the Settlement do not reach Finality or the Settlement is otherwise terminated, any funds remaining in the Common Fund shall be remitted by the Settlement Administrator to Sierra Pacific. This provision will survive termination of this Agreement.

15.     **Mutual Non-Disparagement:**

The Parties agree that the Class Representatives will not disparage Sierra Pacific. Similarly, Sierra Pacific will not disparage the Class Representatives.

16.     **Release, Waiver, and Covenant Not to Sue:**

16.1   In consideration of the Settlement Benefits and other payments specified in this Agreement, and for other good and valuable consideration, the Class Representatives, all members of the Class, as identified on the final Class Member List, who do not timely exclude themselves from the Settlement, and all of their respective spouses, heirs, executors, personal representatives, subrogees, successors, and assigns (together "the Releasors"), release, remise, resolve, waive, acquit, and forever discharge Sierra Pacific, its predecessors, successors, assigns, past and present parents, and subsidiaries, and all of their past and present agents, directors, officers, employees, shareholders, insurers, financial institution bond-issuers, representatives,

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

and attorneys (together "the Releasees") of and from any and all the Released Claims (as defined below).

16.2    The term "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive, compensatory, or equitable, including Unknown Claims (as defined below) as of the date of the Final Approval Order, that any of the Releasors have, had, and/or may have against any of the Releasees which in any way concern and/or relate to: (a) the matters alleged and claims asserted in the Litigation and/or claims that could have been alleged therein based on the facts alleged in the complaints filed in the Litigation; (b) All Star's closing of and/or provision of settlement and/or title services on the loans brokered or made by Sierra Pacific that are the subject of the Settlement; (c) the origination of the loans that are the subject of the Settlement; (d) the Alleged Claims; (e) any benefit(s), payment(s), and/or thing(s) of value received by Sierra Pacific and/or its employees, agents, and/or representatives from All Star; and (f) any benefit(s), payment(s), and/or thing(s) of value received by All Star from Sierra Pacific and/or its employees, agents, and/or representatives (collectively the "Released Claims").  The Parties shall request that this Release be included in the Final Order and Judgment entered in this case.

16.3    "Unknown Claims" means any Released Claims which the Class Representatives or any other Class Member do not know or suspect to exist in their favor at the time of the release

24

of such claims which, if known by them might have affected their decision(s) with respect to this Settlement.  The Parties stipulate and agree that, upon the entry of the Final Judgment Order, the Class Representatives shall expressly waive, and each of the Class Members who have not opted out shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Class Representatives acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.  The Class Representatives further acknowledge, and all Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that they are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matters of the Released Claims, but that it is their intention upon the Effective Date, to have, fully, finally, and forever settled and released any and all claims within the scope of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.  All of the foregoing is the definition of "Unknown Claims."

      16.4   The Class Representatives and the Class Members agree and covenant not to sue any of the Releasees with respect to any of the Released Claims, or otherwise to assist others in

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum, except for claims to enforce this Agreement.

16.5    Specifically excluded from this Release are any claims or causes of actions of any nature whatsoever by any member of the Class who timely and validly exclude themselves from the Settlement.

**17.    Miscellaneous:**

17.1    This Agreement, whether or not finally approved, or whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Sierra Pacific, or of the truth of any of the claims or allegations made in connection with the Litigation.  This provision shall survive the termination of this Agreement.

17.2    Sierra Pacific shall be responsible for serving the requisite CAFA Notice within ten (10) days after the filing of the Motion for Preliminary Approval. Sierra Pacific shall provide Class Counsel notice of any objection received in connection with its CAFA Notice or shall confirm no later than ten days before the deadline to file the Motion for Final Approval that no objections were received in connection with its CAFA Notice.

17.3    The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement.

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

17.4    This Agreement shall be governed by and interpreted according to the laws of the State of Maryland, without regard to its choice of law or conflict of laws principles, except as to federal law relating to class action settlements under Fed. R. Civ. P. 23(b)(3).

17.5    This Agreement constitutes the entire agreement among the Parties pertaining to the Settlement and supersedes any and all prior and contemporaneous undertakings in connection therewith.

17.6    Modifications or amendments to this Agreement may only be made through a writing executed by the Parties and Class Counsel, provided that after issuance by the Court of the Preliminary Approval Order, any modifications or amendments to this Agreement which limit or reduce the rights of the Class Members or which conflict with any order of the Court must also be approved by the Court.

17.7    This Agreement was drafted jointly by the Parties after arms-length negotiations. Neither Sierra Pacific, nor the Class Representatives or Class Counsel, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

17.8    Where this Agreement requires any party to provide notice or any other communication or document to any other party, such notice, communication, or document shall be provided by letter by overnight delivery and by e-mail to the following persons:

If to Sierra Pacific:    Michael Y. Kieval
Joseph M. Katz
Weiner Brodsky Kider PC
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC 20036
kieval@thewbkfirm.com
katz@thewbkfirm.com

27

If to Class Counsel:   Michael Paul Smith
Melissa English
Smith, Gildea & Schmidt, LLC
600 Washington Ave., Suite 200
Towson, MD 21204
mpsmith@sgs-law.com
menglish@sgs-law.com

Timothy F. Maloney
Veronica B. Nannis
Joseph, Greenwald & Laake
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 / (301) 220-1214 (fax)
tmaloney@jgllaw.com
vnannis@jgllaw.com

17.9   The Parties have carefully and fully read this Agreement and discussed it with their respective attorneys or have been given the opportunity to do so; they understand all terms and conditions of this Agreement; they accept and execute this Agreement as their own free and voluntary act, and with the intent and capacity to be legally bound.

17.10  This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Signatures may be originals, or facsimile or scanned copies. This Agreement may be executed by the Parties using a nationally recognized electronic signature vendor, such as Docu-Sign and/or Hello Sign.

[SIGNATURES ON THE FOLLOWING PAGES]

28

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

*Nanette Walls*

| 08 / 05 / 2021 | |
|---|---|
| Date: | Nanette Walls |

| | |
|---|---|
| Date: | Thomas Scott |

| | |
|---|---|
| Date: | Patricia Cronin |

| | |
|---|---|
| Date: | William C. Batton |

| | |
|---|---|
| Date: | Heller Batton |

| | |
|---|---|
| Date: | Gregory P. Dopkowski, Sr. |

| | |
|---|---|
| Date: | Samuel Patterson, Jr. |

| | |
|---|---|
| Date: | Beverly Patterson |

| | |
|---|---|
| Date: | Raheim Patterson |

| | |
|---|---|
| Date: | Syreeta Patterson |

29

Doc ID: 9be201b2755ccca07419bd2166198bc30f627e8a

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

Date: _____

Nanette Walls

Deceased

Date: _____

Thomas Scott

08 / 09 / 2021

*Patricia K. Cronin*

Date: _____

Patricia Cronin

Date: _____

William C. Batton

Date: _____

Heller Batton

Date: _____

Gregory P. Dopkowski, Sr.

Date: _____

Samuel Patterson, Jr.

Date: _____

Beverly Patterson

Date: _____

Raheim Patterson

Date: _____

Syreeta Patterson

29

Doc ID: 315b74a9204463cd5da497d253be5f9773c0bdff

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

Date: _____          _____
                                       Nanette Walls

Date: _____          _____
                                       Thomas Scott

Date: _____          _____
                                       Patricia Cronin

      08 / 02 / 2021                   _L_w_C_B_a_t_t_o_n_____
Date: _____          _____
                                       William C. Batton

      08 / 02 / 2021                   _H_E_B_a_t_t_o_n_____
Date: _____          _____
                                       Heller Batton

Date: _____          _____
                                       Gregory P. Dopkowski, Sr.

Date: _____          _____
                                       Samuel Patterson, Jr.

Date: _____          _____
                                       Beverly Patterson

Date: _____          _____
                                       Raheim Patterson

Date: _____          _____
                                       Syreeta Patterson

29

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

Date: _____        Nanette Walls _____

Date: _____        Thomas Scott _____

Date: _____        Patricia Cronin _____

Date: _____        William C. Batton _____

Date: _____        Heller Batton _____

Date: ____8-4.2021_____        Gregory P. Dopkowski, Sr. _____

Date: _____        Samuel Patterson, Jr. _____

Date: _____        Beverly Patterson _____

Date: _____        Raheim Patterson _____

Date: _____        Syreeta Patterson _____

29

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

Date: _____      _____
                                   Nanette Walls

Date: _____      _____
                                   Thomas Scott

Date: _____      _____
                                   Patricia Cronin

Date: _____      _____
                                   William C. Batton

Date: _____      _____
                                   Heller Batton

Date: _____      _____
                                   Gregory P. Dopkowski, Sr.

Date: _Aug 4, 2021_____      _____
                                   Samuel Patterson, Jr.

Date: _Aug 4, 2021_____      _____
                                   Beverly Patterson

Date: _____      _____
                                   Raheim Patterson

Date: _____      _____
                                   Syreeta Patterson

29

IN WITNESS WHEREOF, the parties have executed this Agreement as follows:

Date: _____     _____
                                       Nanette Walls

Date: _____     _____
                                       Thomas Scott

Date: _____     _____
                                       Patricia Cronin

Date: _____     _____
                                       William C. Batton

Date: _____     _____
                                       Heller Batton

Date: _____     _____
                                       Gregory P. Dopkowski, Sr.

Date: _____     _____
                                       Samuel Patterson, Jr.

Date: _____     _____
                                       Beverly Patterson

           08 / 05 / 2021              _____
Date: _____      Raheim Patterson

           08 / 05 / 2021              _____
Date: _____      Syreeta Patterson

29

Date: 08 / 08 / 2021

Arnold N. Welsh, Jr.

Date: 08 / 08 / 2021

Lois A. Welsh

SMITH, GILDEA & SCHMIDT, LLC

Date: 08 / 02 / 2021

By: *Michael Paul Smith*

Michael Paul Smith, Authorized Member

JOSEPH GREENWALD & LAAKE, P.A.

Date: 08 / 02 / 2021

By: *Timothy F. Maloney*

Timothy F. Maloney, Authorized Principal

Doc ID: 562369cd556cbb42a5ec1a83f2f60c7751263b47

SIERRA PACIFIC MORTGAGE
COMPANY, INC.

8/5/2021

_____     By:_____
Date:                                       Gary Clark

                                              Gary Clark          , Authorized Agent

  Audit Trail

| | |
|---|---|
| **TITLE** | Walls, et al. v. Sierra Pacific Mortgage - Final Settlement... |
| **FILE NAME** | Settlement Agreem...for pltf sigs.pdf |
| **DOCUMENT ID** | 562369cd556cbb42a5ec1a83f2f60c7751263b47 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

## Document History

**SENT**
08 / 02 / 2021
14:50:04 UTC

Sent for signature to Nanette McKelvin (Walls)
(nanette.mckelvin@verizon.net), Thomas Scott
(tscott89@comcast.net), Patricia Cronin
(tscott89@comcast.net), William Batton
(bill.batton@zaunerlaw.com), Heller Batton
(bill.batton@zaunerlaw.com), Arnold Welsh
(loiswelsh1@gmail.com), Lois Welsh (loiswelsh1@gmail.com),
Michael Paul Smith (mpsmith@sgs-law.com) and Timothy F.
Maloney (tmaloney@jgllaw.com) from sfedak@sgs-law.com
IP: 71.121.161.122

**VIEWED**
08 / 02 / 2021
14:50:31 UTC

Viewed by Timothy F. Maloney (tmaloney@jgllaw.com)
IP: 45.41.142.158

**SIGNED**
08 / 02 / 2021
14:50:49 UTC

Signed by Timothy F. Maloney (tmaloney@jgllaw.com)
IP: 174.198.192.95

**VIEWED**
08 / 02 / 2021
15:18:12 UTC

Viewed by William Batton (bill.batton@zaunerlaw.com)
IP: 96.86.9.2

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Walls, et al. v. Sierra Pacific Mortgage - Final Settlement... |
| **FILE NAME** | Settlement Agreem...for pltf sigs.pdf |
| **DOCUMENT ID** | 562369cd556cbb42a5ec1a83f2f60c7751263b47 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

## Document History

| | | |
|---|---|---|
| 👁 VIEWED | **08 / 02 / 2021** 15:18:12 UTC | Viewed by William Batton (bill.batton@zaunerlaw.com) IP: 96.86.9.2 |
| ✍ SIGNED | **08 / 02 / 2021** 15:25:21 UTC | Signed by William Batton (bill.batton@zaunerlaw.com) IP: 96.86.9.2 |
| 👁 VIEWED | **08 / 02 / 2021** 15:25:56 UTC | Viewed by Heller Batton (bill.batton@zaunerlaw.com) IP: 96.86.9.2 |
| ✍ SIGNED | **08 / 02 / 2021** 15:28:00 UTC | Signed by Heller Batton (bill.batton@zaunerlaw.com) IP: 96.86.9.2 |
| 👁 VIEWED | **08 / 02 / 2021** 16:09:14 UTC | Viewed by Michael Paul Smith (mpsmith@sgs-law.com) IP: 71.121.161.122 |
| ✍ SIGNED | **08 / 02 / 2021** 16:12:34 UTC | Signed by Michael Paul Smith (mpsmith@sgs-law.com) IP: 107.77.202.108 |

 HELLOSIGN

Audit Trail

| | |
|---|---|
| **TITLE** | Walls, et al. v. Sierra Pacific Mortgage - Final Settlement... |
| **FILE NAME** | Settlement Agreem...for pltf sigs.pdf |
| **DOCUMENT ID** | 562369cd556cbb42a5ec1a83f2f60c7751263b47 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

Document History

| | | |
|---|---|---|
| **VIEWED** | **08 / 02 / 2021** 16:30:31 UTC | Viewed by Lois Welsh (loiswelsh1@gmail.com) IP: 174.192.199.220 |
| **VIEWED** | **08 / 08 / 2021** 21:16:25 UTC | Viewed by Arnold Welsh (loiswelsh1@gmail.com) IP: 73.86.162.108 |
| **SIGNED** | **08 / 08 / 2021** 21:22:01 UTC | Signed by Arnold Welsh (loiswelsh1@gmail.com) IP: 73.86.162.108 |
| **SIGNED** | **08 / 08 / 2021** 21:22:37 UTC | Signed by Lois Welsh (loiswelsh1@gmail.com) IP: 73.86.162.108 |
| **INCOMPLETE** | **08 / 08 / 2021** 21:22:37 UTC | This document has not been fully executed by all signers. |

 Audit Trail

| | |
|---|---|
| **TITLE** | Walls v. Sierra Pacific Settlement Agreement |
| **FILE NAME** | Walls v. Sierra P...xecution Copy.pdf |
| **DOCUMENT ID** | 315b74a9204463cd5da497d253be5f9773c0bdff |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**
**08 / 09 / 2021**
19:47:37 UTC
Sent for signature to Patricia Cronin (pcronin2108@gmail.com) from sfedak@sgs-law.com
IP: 71.121.161.122

**VIEWED**
**08 / 09 / 2021**
19:57:38 UTC
Viewed by Patricia Cronin (pcronin2108@gmail.com)
IP: 174.192.195.29

**SIGNED**
**08 / 09 / 2021**
19:59:57 UTC
Signed by Patricia Cronin (pcronin2108@gmail.com)
IP: 73.132.97.25

**COMPLETED**
**08 / 09 / 2021**
19:59:57 UTC
The document has been completed.

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Sierra Pacific Settlement Terms for Signature |
| **FILE NAME** | Settlement Agreem...Patterson Sig.pdf |
| **DOCUMENT ID** | 79fe6511650e806c755ddefcdf4b25b18c2adacf |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**
**08 / 05 / 2021**
18:03:29 UTC

Sent for signature to Raheim Patterson
(raheimpatterson@gmail.com) and Syreeta Patterson
(sjpatterson24@gmail.com) from sfedak@sgs-law.com
IP: 71.121.161.122

**VIEWED**
**08 / 05 / 2021**
18:17:29 UTC

Viewed by Syreeta Patterson (sjpatterson24@gmail.com)
IP: 107.23.239.199

**VIEWED**
**08 / 05 / 2021**
18:28:43 UTC

Viewed by Raheim Patterson (raheimpatterson@gmail.com)
IP: 68.134.112.114

**SIGNED**
**08 / 05 / 2021**
18:29:58 UTC

Signed by Syreeta Patterson (sjpatterson24@gmail.com)
IP: 107.23.239.199

**SIGNED**
**08 / 05 / 2021**
18:30:52 UTC

Signed by Raheim Patterson (raheimpatterson@gmail.com)
IP: 68.134.112.114

**COMPLETED**
**08 / 05 / 2021**
18:30:52 UTC

The document has been completed.

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Sierra Pacific Settlement Terms for Signature |
| **FILE NAME** | Settlement Agreem...opy - for sig.pdf |
| **DOCUMENT ID** | 9be201b2755ccca07419bd2166198bc30f627e8a |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| **SENT** | **08 / 05 / 2021**<br>18:12:15 UTC | Sent for signature to Nanette McKelvin (Walls) (nanette.mckelvin@verizon.net) from sfedak@sgs-law.com<br>IP: 71.121.161.122 |
| **VIEWED** | **08 / 06 / 2021**<br>00:14:18 UTC | Viewed by Nanette McKelvin (Walls) (nanette.mckelvin@verizon.net)<br>IP: 108.31.79.67 |
| **SIGNED** | **08 / 06 / 2021**<br>00:30:17 UTC | Signed by Nanette McKelvin (Walls) (nanette.mckelvin@verizon.net)<br>IP: 108.31.79.67 |
| **COMPLETED** | **08 / 06 / 2021**<br>00:30:17 UTC | The document has been completed. |

**DocuSign**

| Certificate Of Completion | | |
|---|---|---|

Envelope Id: 119F0C3DA9B049AA9D7C7BD29FEF5842                     Status: Completed
Subject: Please DocuSign: Settlement Agreement - Execution Copy - Clean.pdf
Source Envelope:
Document Pages: 33          Signatures: 1          Envelope Originator:
Certificate Pages: 1        Initials: 0            Gary Clark
AutoNav: Disabled                                  16345471-na2
EnvelopeId Stamping: Disabled                      Folsom, CA  95630
Time Zone: (UTC-08:00) Pacific Time (US & Canada)  gary.clark@spmc.com
                                                   IP Address: 66.60.165.227

| Record Tracking | | |
|---|---|---|

Status: Original          Holder: Gary Clark            Location: DocuSign
     8/5/2021 9:17:45 AM        gary.clark@spmc.com

| Signer Events | Signature | Timestamp |
|---|---|---|

Gary Clark                                    *Gary Clark*              Sent: 8/5/2021 9:18:09 AM
gary.clark@spmc.com                                                    Viewed: 8/5/2021 9:18:16 AM
Chief Operating Officer                                               Signed: 8/5/2021 9:19:51 AM
Sierra Pacific Mortgage Company, Inc.                                 Freeform Signing
Security Level: Email, Account Authentication  Signature Adoption: Pre-selected Style
(None)                                         Using IP Address: 66.60.165.227

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

Michael Kieval              **COPIED**          Sent: 8/5/2021 9:19:52 AM
kieval@thewbkfirm.com                          Viewed: 8/5/2021 9:25:01 AM
Security Level: Email, Account Authentication
(None)

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 8/5/2021 9:18:09 AM |
| Certified Delivered | Security Checked | 8/5/2021 9:18:16 AM |
| Signing Complete | Security Checked | 8/5/2021 9:19:51 AM |
| Completed | Security Checked | 8/5/2021 9:19:52 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**This Notice concerns a proposed class action settlement ("Settlement") in a lawsuit entitled *Walls v. Sierra Pacific Mortgage Company, Inc.*, Civil Action No. 1:19-cv-00595-GLR, pending in the U.S. District Court for the District of Maryland (the "Lawsuit"). If you were a borrower or co-borrower on a residential mortgage loan brokered or originated by Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific") that was closed by All Star Title, Inc. ("All Star") between 1/1/12 and 12/31/16, you may be eligible for benefits under the Settlement.**

### A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### PLEASE READ THIS NOTICE CAREFULLY AS IT AFFECTS YOUR LEGAL RIGHTS

**What is the Lawsuit about?** The Plaintiffs in the Lawsuit allege that between 1/1/12 and 12/31/16, All Star provided unlawful benefits to certain Sierra Pacific employees and/or agents in exchange for their agreement to refer borrowers to All Star for the settlement of their Sierra Pacific residential mortgage loans, and that Sierra Pacific should be held liable for the alleged improper actions of its employees and/or agents. Sierra Pacific denies the allegations in the Lawsuit and contends that its and its employees' conduct was at all times lawful and proper. *The Court has not made any judgment or other determination of the liability of Sierra Pacific in the Lawsuit.*

**Why did I get this Notice?** You received this Notice because a Class Action Settlement has been reached in the Lawsuit and because Sierra Pacific's records show that you may be a member of the Settlement Class described below. This Notice is intended to generally describe the nature of the Lawsuit, the general terms of the proposed Settlement, and your legal rights and obligations.

**Who is part of the Settlement Class?** The Settlement Class includes all individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Sierra Pacific for which All Star Title provided a settlement service, as identified in Section 1100 on the HUD-1 or on the borrower's Closing Disclosure, between January 1, 2012 and December 31, 2016. The Settlement Class does *not* include any person who, during the period of January 1, 2012, through December 31, 2016, was an employee, officer, member and/or agent of Sierra Pacific and/or All Star Title; any judicial officer who handles this case, and the immediate family members of such judicial officer(s); and/or any persons who submit a complete and valid Request for Exclusion by the Exclusion Deadline (defined below).

**You are receiving this notice because you are believed to be a potential member of the Settlement Class**

### YOU DO NOT NEED TO SUBMIT A CLAIM TO RECEIVE SETTLEMENT BENEFITS UNDER THE SETTLEMENT

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SETTLEMENT CLASS MEMBERS NEED NOT MAKE A CLAIM** | If the Court gives final approval to the Settlement, and after all potential appeals are exhausted (if any are filed), members of the Settlement Class will be mailed Settlement Benefits (described below) under the Settlement without submitting a claim. | Anticipated payment date: approximately 40 days after the Settlement obtains Final Approval and the approval of the Settlement is upheld on appeal (if any are filed). |
| **IF YOU WISH TO BE EXCLUDED FROM THE SETTLEMENT, YOU MUST MAIL A REQUEST FOR EXCLUSION BY NO LATER THAN _____, 2021** | This is the only option that allows you to retain your rights to independently sue Sierra Pacific about the claims in this Lawsuit. In order to exclude yourself from the Settlement, you must follow the procedure described below and mail your Request for Exclusion to the Settlement Administrator at _____. | The Exclusion Deadline for Requests for Exclusion to be mailed to the Settlement Administrator: _____, 2021 |

| | | |
|---|---|---|
| **IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FILE YOUR WRITTEN OBJECTION WITH THE COURT BY NO LATER THAN _____, 2021** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it should not be approved. You must follow the procedure described below for objecting to the Settlement and file your written objection with the Court at U.S. District Court for the District of Maryland, Northern Division, 101 West Lombard Street, Baltimore, MD 21201. You must also mail your written objection to Class Counsel, and Counsel for Sierra Pacific.<br><br>The address for Class Counsel is:<br><br>      Michael Paul Smith<br>      Melissa English<br>      Smith, Gildea & Schmidt, LLC<br>      600 Washington Ave, Ste. 200<br>      Towson, MD 21204<br><br>The address for Sierra Pacific's Counsel is:<br><br>      Michael Y. Kieval<br>      Joseph M. Katz<br>      Weiner Brodsky Kider PC<br>      1300 Nineteenth Street, NW, Fifth Floor<br>      Washington, DC 20036<br><br>You may not object to the settlement if you submit a Request for Exclusion. | The Objection Deadline for the Filing of Objections with the Court:<br><br>_____, 2021 |
| **IF YOU WISH TO ATTEND THE "FINAL FAIRNESS HEARING" ON THE SETTLEMENT** | The Court will hold a "Final Fairness Hearing" to consider the Settlement, Class Counsel's request for attorneys' fees and expenses, and the Class Representatives' request for service awards. You may, but are not required to, speak at the Final Fairness Hearing if you have filed a timely written objection with the Court. If you intend to speak at the Final Fairness Hearing, you must state your intention to do so in your written objection. | Scheduled Date of Final Fairness Hearing:<br><br>_____, 2021 |
| **IF YOU DO NOTHING AND ARE A MEMBER OF THE SETTLEMENT CLASS** | If you do not timely exclude yourself from the Settlement and the Court gives final approval to the Settlement at or after the Final Fairness Hearing, you will not be able to sue Sierra Pacific for the Released Claims under the Settlement, but you will still be eligible to receive the Settlement Benefits described below. | |

These Rights and Options are explained in more detail below.

If you have questions concerning the Settlement, you may contact the Settlement Administrator at: (___) _____ or you can contact Class Counsel for the Settlement at: (410) 821-6705 or mps@sgs-law.com. You may also obtain more information about the Settlement, including a copy of the Settlement Agreement and the Motions and Court Orders relating thereto, through the Settlement Administrator's website at _____.

The Court has preliminarily approved the Settlement and will decide later whether to give final approval to the Settlement. The relief provided to Settlement Class Members will be provided only if the Court gives final approval to the Settlement and after any appeals, if any are filed, are resolved in favor of the Settlement. **Please be patient**.

You can also access the filings in the Lawsuit through the Court's public access service, known as PACER, which allows users to obtain case and docket information online through the PACER Case Locator at https://www.pacer.gov/.

**PLEASE DO NOT CALL THE COURT FOR INFORMATION ABOUT THE SETTLEMENT**.

| 1. | What is this lawsuit about? |
|---|---|

The Plaintiffs in the Lawsuit allege that Sierra Pacific and All Star had an agreement by which employees of Sierra Pacific assigned and referred residential mortgage loans to All Star for title and settlement services in exchange for alleged things of value. Plaintiffs contend that this violated certain federal laws and negatively impacted those borrowers who were referred by Sierra Pacific to All Star Title. The Plaintiffs also contend that Sierra Pacific should be held responsible for the conduct of allegedly accepting and that All Star Title should be held responsible for the conduct of allegedly providing unlawful benefits in exchange for an agreement to refer Sierra Pacific borrowers to All Star Title. Sierra Pacific denies the allegations in the Lawsuit and contends that it and its employees' conduct was at all times lawful and proper. Sierra Pacific has agreed to the Settlement solely to avoid the further expense and inconvenience of further proceedings in the Lawsuit and did so without any admission of wrongdoing or liability. *The Court has not made any judgment or other determination of the liability of Sierra Pacific in the Lawsuit.*

| 2. | What is a class action? |
|---|---|

In a class action lawsuit, one or more people called Plaintiffs sue on behalf of others who may have similar claims. A court can certify a class for purposes of settling claims in a lawsuit. That is what has happened in this case.

| 3. | Why is there a Settlement? |
|---|---|

To avoid the costs and uncertainties of the Lawsuit, the Plaintiffs, their attorneys, and Sierra Pacific have agreed to resolve the disputed claims involving Sierra Pacific and All Star Title in the Lawsuit through a negotiated settlement. The Settlement allows for the Settlement Class to receive relief through the benefits provided under the Settlement, (as described in Section 5 of this notice) once the Settlement becomes final. Absent this settlement, the Lawsuit could take years to resolve and the members of the Settlement Class could end up receiving nothing, since it is unknown whether the Plaintiffs would succeed in the Lawsuit. In granting preliminary approval to the Settlement, the Court has preliminarily determined that the Settlement is fair and reasonable.

| 4. | How do I know if I am part of the Settlement? |
|---|---|

The Court has decided that everyone who fits this description is a Settlement Class Member:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Sierra Pacific Mortgage Company, Inc., for which All Star Title, Inc., provided a settlement service, as identified in Section 1100 on the borrower's HUD-1 Settlement Statement (HUD-1), or on the borrower's Closing Disclosure (CD), between January 1, 2012 and December 31, 2016. Exempted from this class is any person who, during the period of January 1, 2012 through December 31, 2016, was an employee, officer, member and/or agent of Sierra Pacific Mortgage Company, Inc., or All Star Title, Inc.; any judicial officer who handles this case, and the immediate family members of such judicial officer(s); and/or any persons who submit a complete and valid Request for Exclusion by the Exclusion Deadline (defined below).

| 5. | What relief does the Settlement provide to the Settlement Class Members? |
|---|---|

The Settlement provides that Sierra Pacific will fund a Settlement Fund of $990,000.00 plus Class Counsel Fees and Expenses and Class Representative Service Awards (if any are awarded by the Court). The Settlement Fund will be placed into a Common Fund administered by a Court-appointed Settlement Administrator.

The Settlement provides for the following Settlement Benefits:

> Each of these class members shall receive by check a proportionate share of the Common Fund remaining after deduction of any awards of Class Counsel Fees and Expenses and Service Awards as provided in [the Settlement Agreement]. The formula for distribution shall be the Common Fund less any awards of Class Counsel Fees and Expenses and Service Awards, divided by the number of members of the Class who did not file a complete and valid Request for Exclusion by the Exclusion Deadline.

To the extent that there is more than one borrower on a Sierra Pacific loan subject to this Settlement, the co-borrowers shall be deemed to be one member of the Class and the Settlement Benefits shall be paid by check payable jointly to the co-borrowers on such loan.

At this time, Class Counsel estimates that each Borrower (jointly with their co-borrowers, if any) will receive approximately $3,200 in Settlement Benefits, however the ultimate payment could end up being higher or lower.  Settlement benefits will be mailed to members of the Settlement Class in the form of a check.

The payment of Settlement Benefits is based upon the Settlement receiving final approval, and such approval being upheld on appeal (if any are filed).  Any amount remaining in the Common Fund after the payment of benefits will be returned to Sierra Pacific.

| **6.** | **Who represents the Settlement Class in the Lawsuit?** |
|---|---|

The Settlement Class is represented by Class Representatives, who are Plaintiffs in the Lawsuit. The appointed Settlement Class Representatives are: Nanette Walls, Thomas Scott and Patricia Cronin, William C. and Heller Batton, Gregory P. Dopkowski, Sr., Samuel and Beverly Patterson, Jr., Raheim and Syreeta Patterson, and Arnold N. and Lois Welsh, Jr.

The Court has also appointed the Plaintiffs' Counsel to serve as Class Counsel for the Settlement Class.  Class Counsel for the Settlement Class are: Michael Paul Smith and Melissa L. English, of the law firm Smith, Gildea & Schmidt, LLC, and Timothy F. Maloney and Veronica B. Nannis, of the law firm Joseph Greenwald & Laake, P.A.  Class counsel may be contacted as follows:

By telephone to: (410) 821-6705          By email to: mps@sgs-law.com
By mail to: Michael Paul Smith, Smith Gildea & Schmidt, LLC, 600 Washington Avenue, Suite 200, Towson, MD 21204.

| **7.** | **Will the Settlement Class Representatives receive any compensation for their efforts in bringing this Action?** |
|---|---|

The Class Representatives (or each pair of Class Representatives who are co-borrowers) will request a service award of up to $1,000, and collectively $7,000, for their services and efforts in bringing the Lawsuit. The Court will make the final decision as to the amount to be paid to the Class Representatives at or after the Final Fairness Hearing. These payments to the Class Representatives will be paid separately and in addition to the Settlement Benefits available to the Class Representatives, and will not reduce the benefit paid to other members of the Settlement Class.

| **8.** | **How will Class Counsel be paid?** |
|---|---|

Class Counsel will ask the Court to give final approval of the Settlement at the Final Fairness Hearing, and will also ask the Court for an award of attorneys' fees plus expenses in an amount not to exceed Two Hundred Seventy-Five Thousand ($275,000) Dollars. The Court will make the final decision as to the amounts to be paid to Class Counsel at or after the Final Fairness Hearing. This payment will be deducted from the Common Fund before the payment of Settlement Benefits, and is being paid separate from and in addition to the Settlement Benefits to the Sierra Pacific Class.  Any award of fees and expenses to Class Counsel will not reduce the benefit paid to members of the Settlement Class.

| **9.** | **How do I get paid Settlement Benefits under the Settlement?** |
|---|---|

*If you are a member of the Settlement Class and do not timely exclude yourself from the Settlement*, you (and your co-borrower, if any) will be paid the Settlement Benefit described in Section 5 above by the Settlement Administrator from the Common Fund approximately 40 days after the Settlement obtains Final Approval and the approval of the Settlement is upheld on appeal (if any are filed).  Settlement Class members who do not timely exclude themselves from the class will <u>not</u> need to submit a claim or take other action in order to receive the Settlement Benefits.

| **10.** | **What do Settlement Class Members give up to obtain relief under the Settlement?** |
|---|---|

If the Settlement receives final approval, the Court will enter a Final Order and Judgment dismissing the Action "with prejudice" (i.e., meaning that it cannot be filed again).

The Settlement Agreement provides for Class Counsel and Sierra Pacific's counsel to compile a final Class Member List. Upon the entry of the Final Order and Judgment, the Settlement provides that the Class Representatives, all members of the Class, as identified on the final Class Member List, who do not timely exclude themselves from the Settlement, and all of their respective spouses, heirs, executors, personal representatives, subrogees, successors, and assigns (together "the Releasors"), release, remise, resolve, waive, acquit,

and forever discharge Sierra Pacific, its predecessors, successors, assigns, past and present parents, and subsidiaries, and all of their past and present agents, directors, officers, employees, shareholders, insurers, financial institution bond-issuers, representatives, and attorneys (together "the Releasees") of and from any and all the Released Claims (as defined below).

"Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive, compensatory, or equitable, including Unknown Claims (as defined below) as of the date of the Final Approval Order, that any of the Releasors have, had, and/or may have against any of the Releasees which in any way concern and/or relate to: (a) the matters alleged and claims asserted in the Litigation and/or claims that could have been alleged therein based on the facts alleged in the complaints filed in the Litigation; (b) All Star's closing of and/or provision of settlement and/or title services on the loans brokered or made by Sierra Pacific that are the subject of the Settlement; (c) the origination of the loans that are the subject of the Settlement; (d) the Alleged Claims; (e) any benefit(s), payment(s), and/or thing(s) of value received by Sierra Pacific and/or its employees, agents, and/or representatives from All Star; and (f) any benefit(s), payment(s), and/or thing(s) of value received by All Star from Sierra Pacific and/or its employees, agents, and/or representatives (collectively the "Released Claims").  The Parties shall request that this Release be included in the Final Order and Judgment entered in this case.

**The release includes "Unknown Claims," which means any Released Claims which the Class Representatives or any other Class Member do not know or suspect to exist in their favor at the time of the release of such claims which, if known by them might have affected their decision(s) with respect to this Settlement.  The Parties stipulate and agree that, upon the entry of the Final Judgment Order, the Class Representatives shall expressly waive, and each of the Class Members who have not opted out shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:**

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Class Representatives acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.  The Class Representatives further acknowledge, and all Class Members shall be deemed by operation of the Final Judgment Order to have acknowledged, that they are aware that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matters of the Released Claims, but that it is their intention upon the Effective Date, to have, fully, finally, and forever settled and released any and all claims within the scope of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.  All of the foregoing is the definition of "Unknown Claims."

The Class Representatives and the Class Members agree and covenant not to sue any of the Releasees with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum, except for claims to enforce this Agreement.

If you exclude yourself from the Settlement Class, you will retain the right to bring a claim against Sierra Pacific relating to the Released Claims, but you would not have representation provided for you through this lawsuit, and you would be responsible for hiring your own attorney, at your own expense.

| **11.** | **How do Settlement Class Members exclude themselves from the Settlement?** |
|---|---|

Any member of the Settlement Class shall have the right to  exclude themselves (i.e., opt out) from the Settlement Class by sending a written Request for Exclusion from the Settlement Class to the Settlement Administrator at the following address:

_____

_____

Requests for exclusion must be mailed the Settlement Administrator in a post-marked envelope no later than the Exclusion Deadline of _____, 2021, and must be signed by the person requesting exclusion from the Settlement Class and any co-borrower(s) on

their Sierra Pacific loan. Requests for Exclusion must also include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Sierra Pacific loan, the address of the property which secured their Sierra Pacific loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Settlement Class and their co-borrower(s), if any, wish to opt-out of the Settlement Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement.

If you submit a timely and valid Request for Exclusion from the Class, you will not be a part of the Settlement, will not be eligible to receive Settlement Benefits, will not be bound by the Final Order and Judgment entered in the Lawsuit, and will not be precluded from suing on the Released Claims at your own cost.

| 12. | How do I tell the Court that I do not like (object to) the Settlement? |
|---|---|

At the date, time, and location stated below, the Court will hold a Final Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and expenses, and service awards to the Class Representatives.

If you have not submitted a timely and valid exclusion request and wish to object to the Settlement, you must file with or mail to the U.S. District Court for the District of Maryland, Northern Division, 101 West Lombard Street, Baltimore, MD 21201, and also mail to Class Counsel, Michael Paul Smith, Smith, Gildea & Schmidt, LLC, 600 Washington Ave, Ste. 200, Towson, MD 21204, and to Sierra Pacific's Counsel, Michael Y. Kieval and Joseph M. Katz, Weiner Brodsky Kider PC, 1300 Nineteenth Street, NW, Fifth Floor, Washington, DC 20036, a written objection ("Objection") by the Objection Deadline of _____, 2021, that complies with the following requirements. All Objections must be signed by the person(s) making the objection, or an attorney or legal guardian authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof. Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Sierra Pacific loan, the address of the property which secured their Sierra Pacific loan, and an affirmation, under penalty of perjury, that the person on whose behalf the objection is filed and their co-borrower(s), if any, object to the Settlement and intend to appear at the Final Fairness Hearing, at which time their objections will be considered, if not previously withdrawn.

You may, but need not, submit your written objection through an attorney of your choice. If you do make your objection through an attorney, you will be responsible for your own attorney's fees and costs. Objections filed by attorneys registered for e-filing with this Court on behalf of Settlement Class Members must be filed through the Court's electronic court filing ("ECF") system. An objection filed with the Court via ECF may redact the objector's telephone number or email address, so long as the unredacted version is mailed to Class Counsel and counsel for Sierra Pacific.

**IF YOU DO NOT TIMELY AND PROPERLY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL FAIRNESS HEARING.**

If you file and mail a timely objection that complies with this paragraph, you must appear at the Final Fairness Hearing, either in person or through an attorney of your own choice hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement, or to the award of attorneys' fees, expenses, and costs or to the service awards to the Plaintiffs.

| 13. | What is the difference between excluding myself and objecting to the Settlement? |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you timely exclude yourself, you have no basis to object because the Settlement will no longer affect you.

To the extent any person purports to both object to the settlement and submit a Request for Exclusion from the Class, the objection shall be deemed invalid and of no effect, and the person shall be deemed solely to have opted-out of the class.

| 14. | When and where will the Final Fairness Hearing occur? |
|---|---|

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Final Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair,

reasonable, adequate, and in the best interests of the Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service award to the Class Representatives.

The Final Fairness Hearing will take place at _____ _.m. on _____, 2021  in Courtroom __ of the United States Courthouse, Northern Division, 101 West Lombard Street, Baltimore, MD 21201.  The Court may elect to hold the Final Fairness Hearing by telephone or through some other virtual means at the same time and date. The hearing may be postponed to a different date or time or location as may be reflected on the online docket for the Lawsuit accessible through PACER. Please check the Settlement Administrator's website at _____ for updates about the Settlement generally or the Final Fairness Hearing specifically.

At that hearing, the Court will be available to consider objections concerning the fairness of the Settlement. As described above in Section 12 of this Notice, you may speak at the Final Fairness Hearing only if: (a) you have timely filed your written objection with the Court and timely mailed your written objection to Class Counsel and Counsel for Sierra Pacific; and (b) followed the procedures set forth above for notifying the Court and the parties that you intend to speak at the Final Fairness Hearing. If you have requested exclusion from the Settlement, however, you may not speak at the Final Fairness Hearing.

### GETTING MORE INFORMATION & UPDATED INFORMATION ABOUT THE SETTLEMENT

To see a copy of the Settlement Agreement (which defines certain capitalized terms used in this notice and provides a brief summary of what has happened in the Lawsuit), the Court's preliminary approval order, the operative complaint filed in the Lawsuit, and other filings regarding the Settlement, please visit the Settlement Website located at: _____. Alternatively, you may contact the Settlement Administrator at [postal address].

The above description of the Lawsuit is general and does not cover all of the issues and proceedings that have occurred in the Lawsuit. In order to see the complete file for the Lawsuit, you may access it online through the PACER system at http://pacer.psc.uscourts.gov/. You may also contact Class Counsel by calling (410) 821-6705.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT TO THE COURT.**

Dated:

By:   Order of the U.S. District Court
For the Northern District of Maryland
Honorable George L. Russell, Magistrate Judge