IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| NANNETTE WALLS, et al<br><br>*Plaintiffs*,<br><br>v.<br><br>**SIERRA PACIFIC MORTGAGE COMPANY, INC.**<br><br>*Defendant.* | Civil Action No.:1:19-cv-00595-GLR |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT OF ALL CLAIMS, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL FOR THE SETTLEMENT CLASS**

UPON CONSIDERATION of the Motion for Preliminary Approval of Class Action Settlement of All Claims, Conditional Certification of Settlement Class, and Appointment of Class Representatives and Class Counsel for the Settlement Class, ECF No. 45 (the "Motion"), in the above-captioned case, filed herein by Plaintiffs Nanette Walls, and Patricia Cronin, William C. and Heller Batton, Gregory P. Dopkowski, Sr., Samuel and Beverly Patterson, Jr., Raheim and Syreeta Patterson, and Arnold N. and Lois Welsh, Jr., (collectively, the "Class Representatives" or "Plaintiffs"), it is hereby ORDERED, this 19th day of August, 2021, that:

1. The Preliminary Approval Motion is GRANTED.

2. The Court preliminarily finds, pursuant to Fed. R. Civ. P. 23(e), that the settlement reflected in the Settlement Agreement dated as of August 9, 2021 (the "Settlement" or "Settlement Agreement") and filed as Exhibit 1 to Plaintiffs' Memorandum of Law Supporting Plaintiffs'

1

Motion for Preliminary Approval of Class Action Settlement, ECF No. 46, constitutes a fair, reasonable, and adequate settlement of disputed and complex claims.

3. The Court further finds, pursuant to Fed. R. Civ. P. 23(e), that the prerequisites have been met for certification of the following class for settlement purposes only, and hereby certifies the following settlement class:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Sierra Pacific Mortgage Company, Inc., for which All Star Title, Inc., provided a settlement service, as identified in Section 1100 on the borrower's HUD-1 Settlement Statement (HUD-1), or on the borrower's Closing Disclosure (CD), between January 1, 2012 and December 31, 2016. Exempted from this class is any person who, during the period of January 1, 2012 through December 31, 2016, was an employee, officer, member and/or agent of Sierra Pacific Mortgage Company, Inc., or All Star Title, Inc.; any judicial officer who handles this case, and the immediate family members of such judicial officer(s); and/or any persons who submit a complete and valid Request for Exclusion by the Exclusion Deadline.

(hereinafter the "Settlement Class").

4. Plaintiffs Nanette Walls, Patricia Cronin, William C. and Heller Batton, Gregory P. Dopkowski, Sr., Samuel and Beverly Patterson, Jr., Raheim and Syreeta Patterson, and Arnold N. and Lois Welsh, Jr., are hereby designated as Class Representatives.

5. Plaintiffs' Counsel, Michael Paul Smith and Melissa English of the law firm Smith, Gildea & Schmidt, LLC, and Plaintiffs' co-counsel, Timothy J. Maloney and Veronica Nannis of the law firm Joseph, Greenwald & Laake, P.A., are hereby designated as Settlement Class Counsel for the Settlement Class with Mr. Smith designated as lead counsel for the Settlement Class.

6. The Court finds that the Settlement was reached through an arms-length negotiation after due investigation by Plaintiffs' Counsel, and that the Settlement provides significant benefits for the Settlement Class as described in Section 7 of the Settlement Agreement.

7. The Court appoints Kroll Settlement Administration Services as the Settlement Administrator. The Settlement Administrator shall undertake those duties as are defined in Section 10.2 of the Settlement Agreement, including undertaking address verifications for members of the Settlement Class, conducting appropriate research to correct incorrect addresses and timely mailing second notices where required, sending the Notice pursuant to Section 11 of the Settlement Agreement, accepting and reporting on Requests for Exclusion received by the Exclusion Deadline, establishing and maintaining a Settlement Website, opening an account for the deposit of the Common Fund, remitting payment from the Common Fund for Settlement Benefits and other types of payments payable to eligible members of the Settlement Class, Class Representatives, and Class Counsel, preparing declarations and affidavits necessary to present to the Court with respect to the Settlement Administrator's duties and fulfillment thereof in support of final approval of the Settlement, preparing and issuing applicable tax documents, and such other duties as are provided for under the Settlement Agreement. The Settlement Administrator will be retained by Sierra Pacific and Sierra Pacific will pay the reasonable fees and expenses of the Settlement Administrator not to exceed $20,000, pursuant to Section 10.1 of the Settlement Agreement.

8. The Court finds that the Notice Plan proposed by the parties in Section 11 of the Settlement Agreement, which requires that a Notice to be mailed to each Settlement Class Member's last known address available for the primary borrower and posted on the Settlement

Website, constitutes a best practicable notice of the proposed Settlement and is thus approved by the Court under Fed. R. Civ. P. 23(e).

9. The Court hereby approves the proposed Notice attached to the Settlement Agreement as Exhibit A for mailing to Settlement Class members, with the instruction that the Settlement Administrator insert the Objection Deadline, Exclusion Deadline, and date and location of the Final Fairness Hearing as specified therein and as established in Sections 15 and 19 of this Order.

10. Members of the Settlement class shall have the right to opt-out of the Settlement Class by sending a written Request for Exclusion from the Settlement Class to the Settlement Administrator at the address listed in the Notice. Requests for Exclusion must be signed by the person requesting exclusion from the Class and any co-borrower(s) on their Sierra Pacific mortgage loan and must include the requestor's full name and current address, the full name and current address of any co-borrower(s) on their Sierra Pacific mortgage loan, the address of the property which secured their Sierra Pacific mortgage loan, and an affirmation, under penalty of perjury, that the requestor seeking to be excluded from the Class and their co-borrower(s), if any, wish to opt-out of the Class and understand that, in doing so, they will not be entitled to any Settlement Benefits under the Settlement.

11. A person who submits a valid and timely Request for Exclusion shall not be bound by the Settlement Agreement, or any Final Approval Order and Judgment relating thereto. Such persons also will not be entitled to receive any Settlement Benefits under the Settlement Agreement.

12. Any Settlement Class member who does not properly and timely submit a Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all the

terms and provisions of the Settlement Agreement, this Order Granting Preliminary Approval of Settlement, and any Final Approval Order and Judgment, whether or not such Settlement Class member received actual notice or objected to the Settlement. Those Settlement Class members who do not properly and timely submit Requests for Exclusion by the Exclusion Deadline are hereby preliminarily enjoined from filing suit or asserting any claims, demands, and/or counterclaims with respect to matters released in Section 16 of the Settlement Agreement from the date of this Order until the entry of an Order by this Court granting Final Approval to the Settlement.

1. Settlement Class members who do not request to be excluded from the Settlement Class may object to the Settlement. Settlement Class members who choose to object to the Settlement must do so by filing a written objection with the Court at the address listed in the Notice and by mailing a copy thereof the Parties' counsel. All Objections must be signed by the person(s) making the objection, or an attorney, legal guardian, or other person legally authorized to act on their behalf, and must set forth in detail each component of the Settlement to which they object, the reasons for each such objection, and any legal authority that they wish the Court to consider in support thereof.  Objections must also include the objector's full name and current address, the full name and current address of any co-borrower(s) on their Sierra Pacific mortgage loan, the address of the property which secured their Sierra Pacific mortgage loan, and an affirmation, under penalty of perjury, that the person on whose behalf the objection is filed and all of their co-borrower(s), if any, object to the Settlement and intend to appear at the Final Fairness Hearing, at which time their Objections will be considered, if not previously withdrawn.

13. Any Settlement Class members who do not file a timely and adequate Objection in accordance with this Order waive the right to object or to be heard at Final Fairness Hearing and shall be forever barred from making any objection to the Settlement.

14. A Final Fairness Hearing on the Settlement will be held before this Court in **Courtroom 7A** at the United States District Court for the District of Maryland, 101 West Lombard Street, Baltimore, MD 21201, on **November 30, 2021 at 10:00 a.m.** or such other later date or other location as may be set by the Court and reflected on the online Docket for this case. The Final Fairness Hearing may also be held telephonically, by videoconferencing or other method reasonable under the circumstances and pursuant to any Standing Orders of the Court. Should the Final Fairness Hearing be held by any method other than in person hearing, the Court shall issue notice to the Parties who will in turn cause the Settlement Administrator to publish on the Settlement Website instructions for the Settlement Class Members attendance and participation in the Final Fairness Hearing in accordance with any applicable provisions of the Settlement Agreement.

15. At the Final Fairness Hearing, the Court will consider, *inter alia*, the following: (a) any timely objections to the fairness, reasonableness, and adequacy of the Settlement; (b) the dismissal with prejudice of this action as to Defendant Sierra Pacific; (c) whether Class Counsel's petition for attorneys' fees and expenses should be granted and any objections or opposition thereto; (d) whether the Class Representatives' petition for service awards should be granted and any objections or opposition thereto; (e) whether to grant final approval to the Settlement and to the release of claims as set forth in Section 16 of the Settlement Agreement; (f) whether to permanently enjoin all Settlement Class members who have not submitted timely and valid Requests for Exclusion from filing suit or asserting any claims, demands, and/or counterclaims

with respect to matters released in Section 16 of the Settlement Agreement; and (g) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Settlement should be deemed a final judgment under Fed. R. Civ. P. 54(b) with respect to all Released Claims as defined in Section 16 of the Settlement.

16. In the event that the Settlement does not receive Final Approval or the Orders of the Court approving the Settlement do not reach Finality, the Settlement shall terminate and be deemed of no effect, and all negotiations, filings, documents, orders, and proceedings relating thereto shall not be discoverable or admissible in the Litigation or otherwise, and shall be without prejudice to the rights of the Parties hereto, who shall be restored to their respective positions and retain all of their rights and defenses existing immediately prior to the execution of this Settlement. However, any provisions of the Settlement Agreement which expressly state that they survive termination shall remain in effect as to the named Plaintiffs and the Defendant.

17. Counsel for the Parties are directed to maintain in confidence and shall not produce to any persons or entities who are not a party to the Settlement (other than the Settlement Administrator), any personal, confidential, or financial information relating to Settlement Class members now or hereafter acquired by them absent a specific Court order requiring the production of such information, after using their best efforts to resist the production thereof, and then only if such information is redacted to the extent feasible. This does not restrict Defendant from submitting information required by statute to be included in notices to government officials pursuant to the Class Action Fairness Act.

18. The following dates and deadlines are established by the Court in connection with the Settlement, which may be modified by the court for good cause:

- Deadline for Completion of the Notice Plan: 20 days from the date of this Order;

- Deadline for Requests of Exclusion: 45 days after the date the Notice is mailed to the Settlement Class;

- Deadlines for the filing of Objections: 45 days after the date the Notice is mailed to the Settlement Class;

- Deadline for the filing of the Petition for Class Counsel's Fees and Costs: no later than 30 days before the Final Fairness Hearing;

- Deadline for the filing of the Petition for Class Representatives' Service Awards: no later than 30 days before the Final Fairness Hearing;

- Deadline for filing of the Motion Seeking Final Approval of Settlement: not less than 30 days prior to the Final Fairness Hearing; and

- Deadline for serving the CAFA Notice: within 10 days after the filing of the Motion for Preliminary Approval.

- Final Fairness Hearing: not less than 100 days after the filing of the Motion for Preliminary Approval.

_____/s/_____
Hon. George L. Russell, III
United States District Judge