IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| NANNETTE WALLS, et al<br><br>*Plaintiffs,*<br><br>v.<br><br>**SIERRA PACIFIC MORTGAGE COMPANY, INC.**<br><br>*Defendant.* | Civil Action No.:1:19-cv-00595-GLR |

**FINAL APPROVAL ORDER
RELATING TO CLAIMS ASSERTED AGAINST
SIERRA PACIFIC MORTGAGE COMPANY, INC.**

IN CONSIDERATION of the Unopposed Motion for Final Approval of Class Action Settlement Agreement (ECF No. 51), Settlement Class Counsel's Motion for Attorneys' Fees, Reimbursement of Expenses, and Class Representatives' Service Awards (ECF No. 52), and the supporting Memoranda and documents referenced therein, to which there was no opposition, having considered the entirety of the record in this case, and having held a final fairness hearing on the Settlement, the Court hereby finds on this 24th day of January, 2022, that:

1. The class action settlement of all claims asserted against Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"), as reflected in the Settlement Agreement dated as of August 9, 2021, and filed at ECF No. 45-2, constitutes a fair, reasonable, and adequate settlement of disputed and complex claims and is hereby given final approval under Fed. R. Ci. P. 23(e).

2. The Settlement was reached through arms-length negotiation after due investigation and discovery by Plaintiffs' Counsel, provides significant and certain benefits for the

1

Settlement Class as described in Sections 6 and 7 of the Settlement Agreement, and protects and serves the interests of the members of the Settlement Class.

## I. THE SETTLEMENT CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL

3. In the Preliminary Approval Order, this Court preliminarily certified the following Settlement Class:

> All individuals in the United States who were borrowers on a federally related mortgage loan (as defined under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602) originated or brokered by Sierra Pacific Mortgage Company, Inc., for which All Star Title, Inc., provided a settlement service, as identified in Section 1100 on the borrower's HUD-1 Settlement Statement (HUD-1), or on the borrower's Closing Disclosure (CD), between January 1, 2012 and December 31, 2016. Exempted from this class is any person who, during the period of January 1, 2012 through December 31, 2016, was an employee, officer, member and/or agent of Sierra Pacific Mortgage Company, Inc., or All Star Title, Inc.; any judicial officer who handles this case, and the immediate family members of such judicial officer(s); and/or any persons who submit a complete and valid Request for Exclusion by the Exclusion Deadline.

(the "Settlement Class").

4. For the same reasons as set forth in the Court's Preliminary Approval Order (ECF No. 47) in support of preliminary certification, the Settlement Class is hereby certified as a final Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). For purposes of the Settlement, the Court finds that each of the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.

5. This Court previously appointed Plaintiffs Nanette Walls, Patricia Cronin, William C. and Heller Batton, Gregory P. Dopkowski, Sr., Samuel and Beverly Patterson, Jr., Raheim and Syreeta Patterson, and Arnold N. and Lois Welsh, Jr., as the Class Representatives of the Settlement Class and appointed Michael Paul Smith and Melissa L. English of the law firm

Smith, Gildea & Schmidt, LLC, and Timothy F. Maloney and Veronica B. Nannis of the law firm Joseph, Greenwald & Laake, P.A., as Settlement Class Counsel.

6. The requested Service Awards to the Class Representatives, which total $7,000, are hereby approved and will be paid in addition to the Common Fund that is to be funded by Sierra Pacific; they are unopposed, fair, and reasonable, given the Class Representatives' service in the prosecution and settlement of the claims asserted against Sierra Pacific in this case.

7. Class Counsel are entitled to an award of attorneys' fees and reimbursement of out-of-pocket expenses, collectively, in the amount of Two Hundred, Seventy-Five Thousand Dollars ($275,000) to be paid by Sierra Pacific in accordance with the Settlement Agreement, which fees and expenses the Court finds to be fair and reasonable, given Class Counsels' service in the prosecution and settlement of the claims asserted against Sierra Pacific in this case, the settlement obtained, and all the factors considered by the Court.

## II.    CLASS NOTICE

8. The record shows, and this Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to put the Settlement Class on notice of this litigation and the terms of the Settlement, their right to exclude themselves from the Settlement, or to object to any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all Persons entitled

to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

9. Due and adequate notice of the proceedings having been given to the Settlement Class, and a full opportunity having been offered to Settlement Class Members to participate in the Final Approval Hearing, and there being no requests for exclusion received, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and the Final Judgment.

10. The Settlement Administrator has duly and timely completed the Notice Plan described in the Settlement Agreement by the timely mailing of the Court-approved Notices to the members of the Settlement Class and by establishing the Settlement Website, and by attempting to locate and remail notices to all persons whose initial mailings were returned undeliverable. The Court finds that the reach rate of the notice program as reflected in the Declaration of the Settlement Administrator was extraordinarily high and well within the range of acceptability.

11. There have been no Objections to the Settlement, and no Exclusion Requests have been submitted by any member of the Settlement Class.

12. Sierra Pacific has complied with the requirements of 28 U.S.C. § 1715 by sending the requisite notice regarding the proposed Class Action Settlement to all appropriate federal and state officials. The notice included all of the information and documents required by the statute. None of the recipients of that notice have filed objections to the Settlement or otherwise indicated any opposition to the settlement.

### III.    **FINAL APPROVAL OF THE SETTLEMENT**

13. This Court finds the Settlement reasonable because (i) the Parties reached the Settlement after vigorous motion practice; (ii) the negotiations were extensive, contentious, arms-length, and facilitated by this Court; (iii) there was significant pre-suit investigation and discovery; and (iv) the proponents of the Settlement are represented by experienced counsel.

14. This Court further finds that the following requirements continue to be met for purposes of this Settlement: (a) the number of Settlement Class Members is approximately 304 and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

15. Accordingly and pursuant to Fed. R. Civ. P. 23(e), this Court hereby finally approves in all respects the certification of the Settlement Class and the Settlement, and finds that the Settlement, the benefits to the Settlement Class Members, and all other aspects of the Settlement are fair, reasonable, adequate, and in the best interests of the Settlement Class, and within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Sierra Pacific's defenses, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and

the Class Action Fairness Act. Therefore, the Settlement shall be consummated in accordance with its terms and provisions.

16. In making all of its findings, this Court has exercised its discretion in certifying the Settlement Class and granting final approval to the Settlement based upon the entirety of the record, including all facts and circumstances of this litigation as presented to the Court in the submissions in support of approval of the Settlement.

## IV. DISMISSAL OF CLAIMS AND RELEASE, WAIVER, AND COVENANT NOT TO SUE

17. The Plaintiffs and members of the Settlement Class, and all Persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), are hereby declared to be bound by the terms of the Release, Waiver, and Covenant Not to Sue set forth in Section 16 of the Settlement Agreement, and are hereby deemed to have released, remised, resolved, waived, and forever discharged Sierra Pacific, its predecessors, successors, assigns, parents, subsidiaries, affiliates, related entities, vendors, and all of their respective past and present agents, directors, officers, employees, shareholders, insurers, representatives, and attorneys of and from any and all of the Released Claims as defined in Section 16.2 of the Settlement Agreement. The terms of Section 16 of the Settlement Agreement are hereby incorporated by reference into this Order. All claims asserted against Sierra Pacific in the Litigation shall be dismissed with prejudice pursuant to the terms of the Settlement Agreement.

## V. OTHER PROVISIONS

18. The Kroll Settlement Administration Services was appointed as the Settlement Administrator under the Preliminary Approval Order.

19. To date, the Settlement Administrator has properly performed all of its duties required by and pursuant to the Settlement Agreement, the Preliminary Approval Order, and the Court's October 29, 2021 Order.

20. The Settlement Administrator shall continue to perform and comply with all administration duties ascribed to it in the Settlement Agreement and this Final Approval Order.

21. Settlement Class Counsel and Counsel for Defendants are hereby authorized to use all reasonable procedures in connection with administration of the Settlement that are not materially inconsistent with this Final Approval Order or the Settlement Agreement.

ACCORDINGLY, IT IS HEREBY ORDERED, THAT:

22. The Motion for Final Approval of Settlement of All Claims Asserted Against Sierra Pacific is GRANTED;

23. The Class Representatives' Petition for Service Awards (ECF No. 52) is GRANTED. Specifically, Class Representative Nannette Walls will receive a Service Award in the amount of $1,000, Class Representative Patricia Cronin will receive a Service Award in the amount of $1,000, Class Representatives William C. and Heller Batton will receive a Service Award in the amount of $1,000, Class Representative Gregory P. Dopkowski, Sr., will receive a Service Award in the amount of $1,000, Class Representatives Samuel and Beverly Patterson, Jr., will receive a Service Award in the amount of $1,000, Class Representatives Raheim and Syreeta Patterson will receive a Service Award in the amount of $1,000, and Class Representatives Arnold N. and Lois Welsh, Jr., will receive a Service Award in the amount of $1,000. The Service Awards will be paid in addition to the Common Fund to be funded by Sierra Pacific and/or its insurer and shall be paid in addition to the Settlement Benefits available to them, in accordance with the Settlement Agreement;

24. Class Counsels' Petition for Attorneys' Fees and Expenses (ECF No. 52) is GRANTED. Class Counsel shall be awarded attorneys' fees and reimbursement of out-of-pocket expenses, collectively, in the amount of Two Hundred, Seventy-Five Thousand Dollars ($275,000), which shall be paid in addition to the Common Fund to be funded by Sierra Pacific;

25. Sierra Pacific shall provide to the Settlement Administrator the amount necessary to fund the Settlement Benefits payable to the Settlement Class in accordance with the Settlement Agreement; the Service Awards to the Class Representatives as stated in Paragraph 6 herein; and the attorneys' fees and expenses as stated in Paragraph 7 herein;

26. From the funds provided by Sierra Pacific, the Settlement Administrator shall remit therefrom the Settlement Benefits payable to the respective Settlement Class Members in accordance with the Settlement Agreement; the Service Awards to the Class Representatives as stated in Paragraph 6 herein; and the attorneys' fees and expenses as stated in Paragraph 7 herein. Any funds remaining after payment of Settlement Benefits shall be returned to Sierra Pacific by the Settlement Administrator in accordance with the Settlement Agreement;

27. All claims asserted in this action against Sierra Pacific are hereby DISMISSED WITH PREJUDICE;

28. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement;

29. The Plaintiffs and the members of the Settlement Class are hereby bound by the terms of the Release, Waiver, and Covenant Not to Sue set forth in Section 16 of the Settlement Agreement, which are incorporated by reference into this Order, and hereby

PERMANENTLY ENJOINED from filing suit or asserting any claims, demands, and/or counterclaims with respect to matters released in Section 16 of the Settlement Agreement and deemed to have released, remised, resolved, waived, acquitted, and forever discharged Sierra Pacific, its predecessors, successors, assigns, parents, subsidiaries, affiliates, related entities, vendors, and all of their respective past and present agents, directors, officers, employees, shareholders, insurers, representatives, and attorneys of and from any and all the Released Claims as defined in Section 16.2;

30. The Court finds there is no just reason for delay and that this Order shall be deemed a FINAL JUDGMENT against Defendant Sierra Pacific under Rule 54(b) of the Federal Rules of Civil Procedure; and

31. Should the parties to the Settlement Agreement or the members of the Settlement Class bound thereby fail to honor the terms of this Order, the non-breaching party may petition the Court of enforcement of this Final Judgment Order. The Court retains jurisdiction to enforce this Settlement.

Dated: 1/24/2022

_____
Hon. George L. Russell, III
United States District Judge